FRANCES E. STUART, Respondent, *v.* SILAS P. BROWN and Others, Appellants, Impleaded with Others.

*Will — every material fact concerning the testatrix and her property and relations to the claimants, considered in its construction — the phrase " if he marries and leaves children " refers to a future marriage and children.*

The general rule is that, for the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of the interest intended to be given by his will, a court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator, and of his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will.

The will of Ruth Ann Blatchley Marvin, drawn by herself in December, 1884, contained the following devise: "To my brother, Hortensius Blatchley, all of my property in the State of New York for him to enjoy during his natural life, and if he marries and leaves children by his wife, to them forever; if not, to my cousin, Frances Elizabeth Stuart."

It appeared that the brother, Hortensius, who was fifty-five years old in 1884, had married in 1856 and had had a child. Within a year, he separated forever from his wife, who obtained an absolute divorce from him in Pennsylvania in 1863, and who married again in 1865. Hortensius never remarried and died in 1887. The testatrix knew of these facts and, in a conversation had by her in 1881 concerning the son, had been informed, upon her inquiring in regard thereto, that, under the law of Pennsylvania, her brother had a right to marry again.

*Held,* that the testatrix, in the phrase "if he marries and leaves children by his wife, to them forever," did not intend to refer to the divorced wife of her brother, but referred to children by a future marriage;

That, as the brother did not marry again, the property passed, under the provisions of the will, to the cousin of the testatrix, Frances Elizabeth Stuart.

MOTION by the defendants, Silas P. Brown and others, for a new trial, upon a case and exceptions, under the provisions of section 1000 of the Code of Civil Procedure.

*F. F. Williams* and *A. M. Sperry,* for the plaintiff.

*A. D. Wales,* for the defendants.

MERWIN, J. :

This motion for a new trial involves the construction of a provision of the will of Ruth Ann Blatchley Marvin, who died in November, 1886, then being a resident of the State of Louisiana. The will was drawn by the testatrix herself and was executed on the 10th of December, 1884. The entire will, aside from the attesting clause, is as follows :

" Feeling myself not far from death, but of sound mind, I write this my last will and testament. I give to my husband, Schuyler Marvin, all of my property of all kinds in the State of Louisiana. To my brother, Hortensius Blatchley, all of my property in the State of New York for him to enjoy during his natural life, and if he marries and leaves children by his wife, to them forever ; if not, to my cousin, Frances Elizabeth Stuart.

" RUTH ANN BLATCHLEY MARVIN."

Mrs. Marvin formerly resided in the town of Windsor, in the county of Broome, in this State, and at her death was seized, as tenant in common with her brothers, Hortensius Blatchley and Ambrose Blatchley, of certain real estate in that town, partition of which is sought in this action.

In 1884 Hortensius was fifty-five years old. He had been married in 1856, but he and his wife lived together only about six months, a child having been within that time born and named G. Ambrose Blatchley. They then separated and never afterwards lived together. In August, 1863, the wife, then being a resident of Pennsylvania, obtained an absolute divorce and in 1865 married

again.   The child never lived with his father, but for the first few years of his life lived with his mother's people in the town of Windsor and then went west.   Hortensius did not marry again.   He died in 1887.   The brother Ambrose died after the commencement of this suit.

The question is whether, upon the death of Hortensius, the interest of Mrs. Marvin in the premises described in the complaint passed under her will to G. Ambrose Blatchley or to the plaintiff.   The defendants Brown and Kent hold under G. Ambrose Blatchley. The court at Special Term held that the plaintiff took the title.

Mrs. Marvin was accustomed to visit her friends in the town of Windsor and in the adjoining county in Pennsylvania.   She made such a visit in the spring of 1881, stopping at that time at Hortensius Blatchley's, and visiting also at the house of plaintiff, who was her double cousin.   The testatrix knew that Hortensius had been married and to whom, and that there was a son of that marriage. That son was the subject of conversation had by the testatrix in 1881 with the mother of the plaintiff.   The testatrix had been informed of the divorce, and that under the Pennsylvania law her brother had a right to marry again.   She inquired if he had a right to marry, and was informed that he had.

The general rule is that for the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of the interest intended to be given by his will, a court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator, and of his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will. (Wigram on Wills, prop. 5; 2 Wms. Exrs. [6th Am. ed.] 1240, note " u.")   The judicial expositor should place himself as fully as possible in the situation of the person whose language he has to interpret.

We are referred to many cases which are claimed to throw some light on this subject, but it is not useful to here discuss them. Each case must largely depend upon its own circumstances.   There is no doubt that in a proper case words that, as ordinarily used,

would refer to future events, may be construed without reference to time. The point is whether the present is such a case.

The testatrix evidently knew the situation of her brother and of his early troubles. She gave him a life estate only, and then as to the remainder she used apt words to designate children by a future marriage. She says, "if he marries and leaves children by his wife," then to them forever. Under the circumstances here appearing, it is not likely that the testatrix in the use of the words "his wife" meant to refer to the wife which the brother married in 1856, and who had obtained a divorce and married again. On the contrary, she supposed her brother might again marry; she had sought information on the subject, and the fact of such possible remarriage and children was in her mind. She then uses words which naturally refer to such subsequent possibilities and which she would not have naturally used had there been no intention to exclude the son born in 1856.

The will should, I think, be construed to refer to a future marriage and children. The plaintiff, therefore, took title on the death of Hortensius.

The motion for a new trial should be denied, with costs.

All concurred, except Parker, P. J., not sitting.

Motion for a new trial denied, with costs.