ALICE MARY PEARD *et al. vs.* GEORGE L. VOSE *et als.*, Executors.

A. by his will bequeathed one thousand dollars each to such of his three nieces (daughters of his deceased sister M. F.) as should survive him. He had a sister M. F. but she had no daughter or descendants of a daughter. He had only one niece living at the time of executing the will, a daughter of another sister. M. F. had three granddaughters living when the will was executed, children of her deceased son, and no other persons answered the description in the will.

*Held*, that these granddaughters of M. F., as grandnieces of the testator, were entitled to the legacies.

A misnomer of a legatee or devisee is immaterial if the person intended can be identified by the description in the will.

CASE STATED for an opinion of the court under Gen. Laws R. I. cap. 240, § 24.

*December* 10, 1896.    STINESS, J.    This is an application, by the parties in interest, for the construction of the second clause of the will of Thomas Davis, upon a case stated.    The clause is as follows :    " I give and bequeath the sum of One Thousand Dollars ($1000,) each to such of my three (3) nieces, (the daughters of my deceased sister, Mary Fitzgerald, late of Dublin, Ireland,) as shall survive me, and their respective heirs, executors and administrators."    By the case stated it appears that his sister never had any daughters, and so there never were any such nieces as are described in the will, but that, at the time of the execution of the will there were three granddaughters, the only surviving daughters of a son of said Mary Fitzgerald, and grandnieces of Thomas Davis. The case also states that all these facts were known to Mr. Davis, and to the scrivener of the will at the time it was drawn.    While this fact makes it most surprising that the will should have been drawn as it was, it also shows, upon the presumption that the testator did not intend a sham or a nullity, that there must have been a mistake in the description.    It is argued in behalf of the residuary legatees that, as the persons described in the will do not exist, a construction in favor of the claimants, the grandnieces, would be a reconstruction of the will.

There can be no doubt that the intention of a testator is to be gathered from the will, and that extrinsic facts cannot be received to vary the terms of a will, when they are clear. *Lewis* v. *Douglass*, 14 R. I. 604 ; *McGough* v. *Hughes*, 18 R. I. 768.    But it is also well settled that a misnomer of a legatee or devisee is immaterial, if the person intended can be identified by the description in the will.    *Pell* v. *Mercer*, 14 R. I. 412, 445, 447, and note ; *Peckham* v. *Newton*, 15 R. I. 321; *Wood* v. *Hammond*, 16 R. I. 98 ; *Swinburne, Pet'r*, 16 R. I. 208 ; *Cady* v. *R. I. Children's Hospital*, 17 R. I. 207.    Applying these rules to the case at bar, we think that the will makes it certain that the testator intended the bequests in question for his grandnieces, the granddaughters

of his sister, although they were misdescribed as nieces and as daughters of the sister.

The testator pointed out three persons, to whom he gave legacies, who were then living and whom he distinctly had in mind, because the legacies were to go only to such as should survive him. The three persons were females and descended from his sister, Mrs. Fitzgerald. There are three persons, and only three, who answer this description, and we therefore think that it is plain that these were the persons whom he had in mind, and that the misnomer or misdescription of them as nieces and daughters, instead of grandnieces and granddaughters, is immaterial. There were no other persons to answer such a description, and, as agreed, the testator knew this to be so. Consequently the description must have been the result of some mistake or slip in designation. He could not have meant his niece, Mrs. Newcombe, the daughter of another sister, for she was an only niece, and not three, and he would not have been likely to describe her as the daughter of Mrs. Fitzgerald. The omission of the prefix " grand " is by no means so uncommon or unnatural as to lead us to doubt that he meant the grandnieces.

Our opinion, therefore, is, that Alice Mary Peard, Henrietta Louisa Fitzgerald and Maud Hope Fitzgerald are the persons to whom the legacies of one thousand dollars each were intended to be given by the terms of the will, and that they are entitled to receive the same.

*Benjamin N. Lapham,* for claimants.

*Walter B. Vincent,* for residuary legatee.

*George L. Vose and Louis L. Angell,* Executors, pro se.