### In re STOCUM'S WILL.

(Surrogate's Court, Steuben County. June 8, 1905.)

1. WILLS—PROBATE—ISSUES—DECISION OF SURROGATE.
    By the express provisions of Code Civ. Proc. § 2624, if a party expressly puts in issue before the surrogate the validity, construction, or effect of any disposition of personalty in a will, the surrogate must determine it on decree, if the will be admitted to probate.

2. SAME—CONSTRUCTION—REMAINDERS—TIME OF VESTING.
    Where testator's will gave personalty to the executors in trust to pay the profits to the use and benefit of a certain daughter so long as she should live, title did not vest in the persons named as remaindermen until the daughter's death.

**3. SAME—MEANING OF WORDS—"GRANDCHILDREN."**

Where testator made devises to the grandchildren of his sons, testator being at the time 80 years of age and having no great-grandchildren, but having grandchildren, of whom he was extremely fond, the word "grandchildren" should be construed to mean testator's grandchildren.

**4. SAME—SURVIVORSHIP.**

Where testator gave personalty to trustees to hold and pay the income to a certain daughter for life, on her death the trust to be divided between specified persons, only those surviving at the date of the death of the daughter for whom the trust was created took under the will.

**5. SAME—TAKING PER CAPITA.**

Where testator's will created a trust in favor of a daughter, and provided that on her death the corpus should be divided among specified children, the survivors took per capita, and not per stirpes.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1143–1152.]

**6. SAME—CODICIL—REVOCATION OF DEVISE—CONDITIONS—VALIDITY.**

Where testator made a devise to one of his sons, but by a codicil provided that, if such son should present any claim against the estate, the devise should be revoked, the codicil was not void on its face, but would be void in case of presentation of a valid claim by the son.

Proceedings for the probate of the last will of John O. Stocum, deceased. Decision of the surrogate on issues raised by Frank L. Stocum.

Testator died February 5, 1905, leaving a last will executed July 13, 1904, and codicil executed November 4, 1904. The material clauses of will are as follows:

"3rd. The rest, residue and remainder of my property real and personal I give devise and bequeath unto my executor hereinafter named in trust for the following uses and purposes: From the personal property aforesaid he shall pay all my lawful debts and funeral expenses and also any mortgage there may be outstanding and unpaid upon any of my real estate and upon the lot known as the 'Shoe Factory Lot' in Bath by me recently conveyed unto Eva Stocum Ida Stocum and Catherine Chapman, provided and upon condition that the said lot be owned by them at the time of my decease. Such as shall remain of the said rest and residue of my property, my trustee shall manage, possess, control and invest, and the rents issues, profits and income therefrom, after the payment of taxes, insurance and necessary repairs, shall be paid to or expended by my said trustee for the use and benefit of my daughter, Ruby Stocum, so long as she shall live.

"4th. Upon her death the said trust estate shall be divided equally among my son Frank L. Stocum and the surviving grandchildren of my sons, John L. Stocum and James D. Stocum and my daughter Catherine Chapman, share and share alike."

The codicil contained these clauses:

"Whereas, I have been informed that Frank L. Stocum, my son, claims to have some just demand against my estate, which demand is unjust and without foundation, and

"Whereas, I have requested him to present to me for settlement such demand and he having refused and failed so to do;

"Now, Therefore, if the said Frank L. Stocum shall, after my decease, present or make, any claim or demand of any name or nature against my estate, or property or devisees, for payment, then, and in that event, I revoke the Second subdivision of my said will whereby I have bequeathed to him certain household furniture and goods which are particularly described therein; and I do further revoke the bequest to him contained in the Fourth subdivision of my said will whereby he is given a share of the rest, residue and remainder of my property, and in that event the property and property interests so bequeathed to him by the said second and fourth subdivisions I be-

queath unto my executor in trust to possess and control the same and pay the income therefrom, after deducting the taxes, insurance and necessary repairs, unto my said daughter Ruby Stocum, so long as she shall live and upon her death I bequeath and devise the same unto the surviving grand children of John L. Stocum and James B. Stocum and my daughter Catherine Chapman share and share alike. In case, however, the said Frank L. Stocum shall present no claim or demand against my said estate, then it is my will that the devises and bequests for his benefit contained in the will aforesaid shall remain of full force and effect, but not otherwise."

From the findings of fact it appears that testator at the time of execution of will was over 79 years old, and in feeble health; that he had no great-grandchildren either at the time of the execution of the will and codicil or time of death; that at the time of the execution of the will and codicil his son John L. had two children, both unmarried, and under 21 years of age; his son James D. had six children, two of whom were 25 and 23 years old, respectively, and the rest under age, all of whom were unmarried; his daughter Catherine had two children—a son, 24 years old, and daughter under age—both unmarried; and Ruby was 30 years old and Frank L. younger than her. It also appeared that testator was very fond of his children's children, and there was no ill feeling between him and them; and that during the year 1904 testator and his son Frank L. had some unpleasant relations, and that at the time of the execution of the codicil father and son were not upon best of terms. There was no proof whether or not the said Frank L. Stocum had any valid claim against the estate of testator, or whether the codicil was made under any false or erroneous or ill-conceived knowledge or impression that the testator did not owe Frank L. anything.

James McCall, for executor petitioner.
Thomas Shannon, for Frank L. Stocum.

WHEELER, S. In this proceeding, Frank L. Stocum has expressly put in issue before the surrogate the construction of the will of said testator so far as it affects the disposition of his personal property. Testator was a resident of the state at the time the will and codicil were made and at the time of his death, and the said will and codicil were executed within the state, and under section 2624, Code Civ. Proc., the surrogate has jurisdiction and power to determine the question thus put in issue upon rendering a decree proving and probating the said will. It is not claimed that the third clause of the will does not create a valid trust, and I decide that the trust mentioned in the said clause is valid, and vests the title of the personal property therein mentioned, after the payment of the expenses of administration, funeral expenses, and debts, in the executor in trust, and that title remains in the said executor in trust during the natural lifetime of Ruby Stocum, and that the title to the remainder of the said personal property will not vest in the persons or any of the persons mentioned in subdivision 4 of the said will until the death of the said Ruby Stocum. In holding that the title does not vest until then I follow Bisson et al. v. West Shore R. R. Co., 143 N. Y. 125, 38 N. E. 104; Vincent et al. v. Newhouse et al., 83 N. Y. 505. I further decide by clause 4 of the said will the testator, in mentioning surviving grandchildren of his sons John L. Stocum, James D. Stocum, and of his daughter Catherine Chapman, meant not their grandchildren, but their children, being his grandchildren, and that in the codicil to his said last will, where he again mentioned

the surviving grandchildren of the said John L. Stocum, James D. Stocum, and of his daughter Catherine Chapman, he meant their children, his grandchildren. At the time he made this will and codicil the testator was over 80 years of age, and was in feeble health, and died shortly thereafter. He had no great-grandchildren, and he must in the nature of things, have believed that he would not have any great-grandchildren, and therefore he could have no affection for them; but, on the contrary, he did have grandchildren, who were the children of John L. Stocum and James D. Stocum and of Mrs. Chapman. These grandchildren he was very fond of, and it is unreasonable to assume or believe that he intended his great-grandchildren, who did not exist, and might never exist; and it is reasonable, and in the nature of things, that he meant his own grandchildren, whom he knew and loved. The general rule is that for the purpose of determining the object of the testator's bounty the court may inquire into every material fact relating to the person who claims to be interested in the will, and into the circumstances of the testator, and of his family and affairs, for the purpose of enabling the court to identify the person intended by the testator. Stuart v. Brown, 11 App. Div. 492, 42 N. Y. Supp. 365. While there was no ambiguity about the legatees on the face of the will or codicil, yet there is proof that there were no persons in existence answering to the name and description of his great-grandchildren. Therefore there is an ambiguity arising de hors the will from the fact that the great-grandchildren do not come within the full designation of the legatees, and this is a latent ambiguity, which is admissible to be removed by extrinsic evidence, and recourse may be had to parol evidence. In no case is the bequest to be deemed void as for uncertainty as to the person, provided the person intended can be identified by any competent evidence. Stuart v. Brown, supra. As stated in this case, there are no great-grandchildren, but there are grandchildren, and the case is quite similar to that of In re Davis (R. I. 1896) 35 Atl. 1046. In that case the testator gave $1,000 "to such of my three nieces, the daughters of my deceased sister, Mary, of Dublin, as shall survive me, and their respective heirs, executors, and administrators," and it was shown that the sister mentioned had no daughters, but had three granddaughters, and that these facts were known to the testator and to the draftsman. The court said: "While this fact makes it most surprising that the will should have been drawn as it was, it also shows that the testator did not intend them, and that there must have been a mistake in the description; and that it is also well said that a misnomer of a legatee or devisee is immaterial if the person intended can be identified by the description in the will." And after saying that the testator had another sister, but she had only one daughter, the court goes on to say, "There are only three persons who could answer to the description, and therefore the legacy belonged to the grandnieces of the testator." There are many cases where the court has transposed words and also inserted words in the will while construing the same for the purpose of carrying out

what the court considered the intent of the testator. See Ex parte Hornby, 2 Bradf. Sur. 420; Smith v. Smith, 1 Edw. Ch. 189.

I also decide that of the persons mentioned in clause 4 of the said will only those surviving at the date of the death of Ruby Stocum take under said clause, and those who may die before the date of her death get nothing. The said personal property mentioned in said trust vests at the date of the death of Ruby Stocum in only those surviving, who are mentioned in said clause 4. In deciding thus I follow Vincent et al. v. Newhouse et al., supra; Bisson et al. v. West Shore R. R. Co., supra. I further decide that those mentioned in said clause 4 who shall be the survivors of the said Ruby Stocum will not take the said personal property per capita, but per stirpes—that is, Frank L. Stocum, if living, one share; the children of James D. Stocum living another share, equally between them; the children of John L. Stocum then living another share, equally between them; and the children of Catherine Chapman another share, equally between them. In deciding thus I follow Ferrer et al. v. Pyne et al., 81 N. Y. 282; Vincent et al. v. Newhouse et al., 83 N. Y. 505; Clark v. Lynch, 46 Barb. 68.

I also decide that where the testator in his codicil used the words "surviving grandchildren of my sons. John L. Stocum, James D. Stocum, and my daughter Catherine Chapman, share and share alike," he meant the same as I have decided that the said words meant in clause 4 of the said will.

I also decide that the clause in the codicil which attempts to revoke the second subdivision and the fourth subdivision of the said will so far as it bequeaths personal property to Frank L. Stocum, is not void upon its face, but that if hereafter it shall appear that if the said Frank L. Stocum had a valid claim existing against the testator, then under Case of Vandevort, 17 N. Y. Supp. 316, and 62 Hun, 612, that portion of the said codicil will be void. I decide that the personal estate mentioned in the fourth clause of the said will did not vest in Frank L. Stocum, absolutely or otherwise, at the death of the testator.

I find and decide that the said will and codicil were duly executed: that the testator at the time of executing the same was in all respects competent to make a will, and not under any restraint; and I direct a decree to be made and entered admitting the said will and codicil to probate as a will valid to pass personal and real property, and considering the said will and codicil in accordance with this decision.

This proceeding held open for the making and entry of such decree, and for the granting of costs and allowances, and the question of costs and allowances reserved to be heard by the surrogate on the application of either party on at least two days' notice to the other.