### *In re* VANDERVORT'S ESTATE.

(*Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. WILLS—CONSTRUCTION—UNREASONABLE CONDITIONS.
    A condition in a will, declaring that testator is not indebted to any of his children who were legatees, and that, if either of them shall make any claim against his estate, such claimant shall not share under the will, is unreasonable and inoperative.

2. SAME—CONDITION SUBSEQUENT.
    Testator, after making certain absolute bequests, disposed of the residue of his estate, and by a codicil declared that he was not indebted to any of the legatees, and that, if any legatee should present any claim against the estate, the bequest to such legatee should become "null and void." *Held*, a condition subsequent, and inoperative, because there was no gift over.

3. SAME—FORFEITURE OF BEQUEST.
    Where two of testator's residuary legatees were his grandchildren, and infants when the will was probated, a provision for them, otherwise valid, cannot be defeated through the failure of another person, though their father, to observe the directions of the will.

Appeal from surrogate court, Ontario county.

Proceeding for the judicial settlement of the accounts of Gilbert M. Vandervort, one of the executors of Thomas Vandervort, deceased. From a decree settling such account Peter Garlock, the other executor, appeals. Affirmed.

For proceeding to charge Peter Garlock with certain costs, see 11 N. Y. Supp. 764. For action to construe will, see 5 N. Y. Supp. 737, affirmed without opinion in 12 N. Y. Supp. 955.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*E. K. Burnham,* for appellant. *Frank Rice* and *James Robson,* for respondents.

MACOMBER, J. This appeal presents the question whether the respondent Gilbert M. Vandervort and his two children, Clarence S. Vandervort and Clara E. Vandervort, have forfeited the provisions of the will made in their behalf by reason of the filing, prosecution, and. recovery of a claim by Gilbert M. Vandervort against the decedent's estate. Thomas Vandervort, the testator, died on the 26th day of December, 1880, leaving a last will, to which were attached two codicils. The will bears date August 4, 1875, the first codicil February 4, 1878, and the second codicil June 12, 1879. By the terms of the will the testator bequeathed and devised all of his property situate in Michigan to his grandchildren residing in that state; but to each of his other grandchildren, with the exception of Albert and Ellen Vandervort, children of A. S. Vandervort, deceased, he gave $1,000. To Albert and Ellen he gave $1,500 each; to his daughter Maria Garlock, $3,000; to his daughter Sarah E. Emory, $1,200; and to his son, Gilbert M. Vandervort, $500,—each legacy payable two years after the decease of the testator, who declared in the will that these bequests were intended to make his children equal in respect to his benefactions, taking into the account advances theretofore made by him. The residue of his estate, both real and personal, including the proceeds of a farm of 204 acres in Ontario county, (which his executors were empowered to sell,) to be divided among his children and grandchildren who should be living at his decease, share and share alike. The son, Gilbert M. Vandervort, and Peter Garlock, his son-in-law, were named as executors, and letters testamentary were subsequently, under the probate of the will, duly issued to them. The first codicil contained the following provision: "As I am in no wise pecuniarily indebted to any of my children, I do hereby order and declare as my will that, if either or any of my sons or daughters shall present to my executors any claim against my estate other than claims for the legacies, bequests, and devises provided by my will, that such son or daughter, and none of the family of such son or daughter, shall have any lot, part, or share in my estate, or in the distribution of proceeds thereof, and that any and all devises and bequests made in my will to such son or daughter shall be null and void." Under the findings of the surrogate, which are supported by the conclusive evidence in the case, it appears that on the 4th day of February, 1878, the testator, at the time of executing the codicil containing this provision, was actually indebted to his son, the respondent Gilbert M. Vandervort, in a certain sum of money; that the same was not paid by the testator during his life-time, and the indebtedness continued up to the time of the death of the testator; that the claim was properly proved in the surrogate's court of Ontario county upon a judicial settlement of the accounts of Gilbert M. Vandervort when acting as temporary administrator of the estate of Thomas Vandervort, and was paid to him in pursuance of the decree of the surrogate.

It is claimed by the learned counsel for the appellant that, under the above facts, Gilbert M. Vandervort and his two children, Clarence S. Vandervort and Clara E. Vandervort, forfeited their right to any portion of

the estate bequeathed or devised to them by the will. In this contention we cannot concur. Undoubtedly the testator, having a right to say to whom he should bequeath and devise his property, had the right also to impose any proper, lawful, and reasonable condition upon any gift which might, in a certain event, render the gift inoperative. Schouler, Wills, 605; 2 Jarm. Wills, 58; *Cooke* v. *Turner*, 14 Sim. 493, 15 Mees. & W. 727; *Evanturel* v. *Evanturel*, 31 Law T. (N. S.) 105, L. R. 6 P. C. 1; *Hogan* v. *Curtin*, 88 N. Y. 162. The condition sought to be imposed by such provision of this codicil did not prevent the vesting of the gift, but was to the effect that the same might become inoperative in the event that, after the death of the deceased and the probate of his will, such a claim should be made against his estate. The cases of *Brownson* v. *Gifford*, 8 How. Pr. 393; *Hogeboom* v. *Hall*, 24 Wend. 146; *Sackett* v. *Mallory*, 1 Metc. (Mass.) 355,—have, with others, been pressed upon our attention as holding that in these circumstances the benefits of the will were forfeited by the respondents. These and other like cases, however, do not seem to us to be applicable to the facts before us for two reasons.

It will be observed that the bequest to Gilbert M. Vandervort was not of any particular sum, after deducting any supposed indebtedness of the testator to him, but was absolute in its terms. There is nothing in the codicil or elsewhere in the testament of the deceased intending to show that, if any such claim were made and established, the amount of the gift contained in the will would be by so much less than it would otherwise be, as was the case in *Re Hollister*, 47 Hun, 413. The testator undertook to establish by his own positive and unsupported declaration the fact that he was not indebted to any of his children. If he was in error in this respect, his provision of the codicil went upon an entirely mistaken hypothesis; and, when shown to be erroneous as a matter of fact, it must give way to the general intent expressed in the will. If it was but an arbitrary and deliberate assertion of a fact which he knew did not exist, it would be in its nature a fraud, which could not prevail against the clear evidence that such indebtedness did in fact exist. Nowhere is there any intention of the testator to be gathered from the will and the codicils that a less sum should be given to Gilbert M. Vandervort and his children than is expressed in the will. Had the bequest been of these several sums of money and portions of his property, less the amount of any claim which might be presented against the estate, the question before us would be entirely different. We are consequently of the opinion that this provision contained in the second codicil was unreasonable, and ought not to be enforced in this instance, because it was placed either upon a fact of which the testator was ignorant, or upon the ground which he positively knew did not exist. In either event, we think the attempted forfeiture of the bequest was inoperative.

There is, however, another ground upon which the decree may be affirmed, and that is that the provision in question was a condition subsequent, and was made without a gift over of the bequest. A personal legacy, without any gift over, and which fails by reason of the taking effect of a condition subsequent when made in the limited restraint of marriage or against the contesting of wills, does not fail, as Jarman in his work on Wills, (2 Jarm. Wills, 58,) and the authorities there cited, show. See, also, *Jackson* v. *Westerfield*, 61 How. Pr. 399. We know of no reason why the rule should be limited to the cases stated by Jarman. That author did not have in mind, doubtless, the fact that other conditions, such as the one before us, might be met in last wills. There is no fact in this case which brings it within the principle enunciated by a majority of the court in *Re Hollister, supra.* Had the provision of the will been that, in case the legatees accepted any provision of the will, they should give up any claim which they had against the estate, it would have been a condition precedent, and not a condition subsequent,

and in such a case an acceptance of any provision of the will would manifestly prevent their successful prosecution of the debt. But, as has already been perhaps sufficiently stated, the codicil was executed under a misapprehension of facts, or else in disregard of the legal rights of the respondents, which the testator had no right to ignore. For these reasons we think the decree should be affirmed.

In addition to the foregoing reasons there is another, which appertains only to the children of Gilbert M. Vandervort, namely, Clarence S. Vandervort and Clara E. Vandervort, both of whom were infants at the time of the probate of the will, and one still an infant, namely, Clara E. Vandervort. In respect to these grandchildren of the testator it appears to us that there was no condition imposed by the testator which might be considered a condition precedent to the taking effect of their legacies. Being infants, and hence without power to appear in court or to act in their own behalf, a provision for them, otherwise valid, could not, in our judgment, be defeated because of the failure of another person, though their father, to observe the directions of the will. See *Bryant* v. *Thompson*, (Sup.) 14 N. Y. Supp. 28. For these reasons we think the decree was correct on the merits, and that it should be affirmed.

It is also urged in behalf of the appellant that the surrogate had not jurisdiction to consider and pass upon these questions. Without elaborating upon that matter, we content ourselves by simply calling attention to the fact that the question was decided by us in October, 1890, in the case of *Garlock* v. *Vandevort*, 12 N. Y. Supp. 955, which decision was affirmed by the court of appeals, and reported in 28 N. E. Rep. 599. Decree affirmed, with costs to the respondents, payable out of the estate. All concur.