## KELLEY v. WINSLOW.

(Supreme Court, Special Term, Saratoga County. October 18, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 307*)—LEGATEES—FORFEITED LEGACIES—RECOVERY.

> Plaintiff's testator bequeathed a legacy to defendant upon condition that it should be forfeited if defendant in any way contested the will. Plaintiff as executrix paid the legacy, and defendant then brought an action to have the will declared void. *Held* that, as money improperly paid by an executrix may be recovered back, the payment of the legacy did not defeat the condition, but after the breach the parties were in the same position they would have been had not the legacy been paid, and plaintiff might recover it.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1251–1256; Dec. Dig. § 307.*]

Action by Frances B. Kelley, as executrix of the last will and testament of Thomas C. Kelley, against Ellen T. Winslow. On demurrer. Overruled.

Edgar T. Brackett, for plaintiff.
Charles C. Lester, for defendant.

J. A. KELLOGG, J. The defendant has demurred to the complaint of the plaintiff in this action upon the grounds:

(1) That it appears upon the face of the complaint that the plaintiff has no legal capacity to sue.

(2) That the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges:

(1) That Thomas C. Kelley died leaving a last will and testament which was duly admitted to probate by the surrogate of Saratoga county January 23, 1909.

(2) That said will bequeathed to the defendant, the sister of deceased, a legacy of $5,000, which was paid her by the executrix.

(3) That said will also contained the following clause, numbered "fifth":

"In case my said sister (the defendant) or niece should in any way dispute this will or the validity thereof, the legacy to such a one shall fail and be of no effect, and the same shall become a part of my residuary estate."

(4) That the defendant with others had, after the payment of said legacy to her, disputed said will and the validity thereof, and had brought an action to have said will declared invalid and void, and that by said action she had under the provisions of said "fifth" clause forfeited said legacy and demanded judgment for $5,000 with interest thereon from February 7, 1910.

The learned counsel for the defendant contends that this action is not maintainable for two reasons:

(1) That the executrix has no legal capacity to maintain the action, because, having paid over the legacy, her duty has been fully discharged and her powers in regard thereto have been fully exhausted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(2) That, inasmuch as the specific thing delivered cannot be returned, there can be no forfeiture.

Neither of these contentions can be approved. The will should be construed and executed in accordance with the plain intention of the testator.

It, perhaps, would have been well had the executrix waited until the termination of the period limited for the bringing of the action provided for by section 2653a of the Code of Civil Procedure before paying the legacy; but the fact that she did not wait for the expiration of such period does not alter in any regard the legal rights of the parties. They should be restored to their proper status.

The legatee can have no further or greater rights by reason of the fact that the executrix has paid to her the legacy in question, than she would be entitled to enforce if compelled to bring action to recover the legacy.

The situation in law is substantially the same as in any case where the executor has paid a sum of money improperly. Money so paid may be recovered back in an action brought by him. Woodruff v. Claflin Co., 198 N. Y. 470, 91 N. E. 1103, 28 L. R. A. (N. S.) 440; Carter v. Board of Education, 68 Hun, 435, 23 N. Y. Supp. 95, affirmed 144 N. Y. 621, 39 N. E. 628.

The latter case seems to be an authority very close to the point. In that case the executor was directed by the will to pay certain legacies which, after payment, were held to be void. He then brought action to recover back the same. Judge O'Brien, in delivering the opinion of the court, said:

"The legacies themselves, however, having by the judgment been declared void, we can think of no principle that would protect the legatees from being obliged to refund the amounts thus paid to them. The right to require such a payment is in no way affected by the fact that the executor would be protected from personal liability for such payments made by him. In other words, the exemption from liability with which the law might clothe the executor for payments made in good faith could not be extended so as to preclude him from recovering back without right, or invest such parties with the title to such moneys." (Pages 438, 439 of 68 Hun, pages 98, 99 of 23 N. Y. Supp.)

It would not seem that a distinction between this case and the case at bar could, in principle, be urged from the fact that at the time of the payment the condition subsequent, forfeiting the legacy, had not been broken.

After the breach of the condition the parties were in the same position as they were in the Carter Case, where the legatee had a sum of money to which she was not entitled; and this action is properly brought by the executrix to restore the forfeited legacy to the estate of the testator, a portion of the residuary part whereof it is made by express provision of the will upon breach of the condition.

The demurrer should be overruled.