cient cause to believe the defendant Downs guilty thereof, I order that he be held to answer the same and he be admitted to bail in the sum of $500 and be committed to the warden and keeper of the city prison until he give such bail.

(76 Misc. Rep. 106.)

### In re WALL.

(Surrogate's Court, Kings County.   March, 1912.)

WILLS (§ 651*)—CONSTRUCTION—CONDITIONS—VALIDITY.

    Where a will directs payment of the net income of a trust fund to testator's son for life, with remainder over, a condition that the gift shall fail if the son contests the will is void.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1542; Dec. Dig. § 651.*]

Judicial settlement of the account of Henry J. Wall, as testamentary trustee of James I. Martin, under the will of John J. Martin. Decree entered.

Joseph A. Kennedy (R. M. Cohen, of counsel), for trustees.
Martin T. Manton, for James I. Martin.
William L. Tierney, for George McCarty, general guardian of Marie McCarty, infant legatee and next of kin.
Michael J. Grady, for Annie L. Martin.

KETCHAM, S.   The trustee accounts for a fund bequeathed to him by the third paragraph of the will, in trust for the son of the testator, with the direction that the net income thereof be paid to the said son during his natural life and that on his death the principal sum be paid to the son's next of kin.

The seventh paragraph of the will is as follows:

"In the event of my said son, James I. Martin, contesting this will, I revoke the trust legacy to him as mentioned in paragraph 'third.'"

There is no gift over of the legacy in case of forfeiture. There is a general disposition of the residue of the estate. The trust fund involved was duly set apart, upon the accounting of the executor, and the income thereof was for a period applied to the use of the primary beneficiary. The son began an action in the Supreme Court to contest the validity of the will which, after the joinder of issue therein, was discontinued, and in consideration of the discontinuance of the said action the residuary legatee under the said will paid to the son the sum of $2,000.

The following questions thereupon result: Did the direction of the testator that the interest of the life beneficiary should be divested in the event of his contesting the will impose a valid condition? Was the condition, if valid, broken by the mere institution of the action to declare the will invalid? Was the maintenance of an action to have the will declared invalid a breach of the condition, in the absence of a finding that the action was without probable cause?

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Conditions for the forfeiture of vested interests once bestowed by will are not beloved of the law. They must be strictly construed in favor of the threatened beneficiary, and the burden of proof as to the forfeiture is upon the party asserting it. The condition that the gift shall fail if the legatee shall dispute the will is the subject of a special aversion, by which many courts have been led into processes of reasoning which by other courts have been condemned. It has been said that the conditions declaring legacies invalid if the legatee shall contest the will are void in any event, as trenching upon the liberty of the law. This proposition is in turn rejected by cases which hold that the condition as to a gift of personalty is in terrorem, and invalid, unless there be a gift over in case of forfeiture.

It seems established that in England and in this state the rule differs in respect to a devise of land, and that conditions, invalid as to a gift of personalty for lack of a gift over, are effectual when attached to a gift of real estate without an alternate gift. Some courts, which hold the condition void in the absence of an alternate gift, have insisted that disposition of the residue cannot be regarded as a gift over to take effect upon the failure of the legacy. There are decisions that the condition, though valid, is not broken by the mere maintenance of an action or proceeding against the will, if the issue is not brought to trial. Again, the condition has been avoided upon a finding that the effort to set aside the will, though persistent, was not frivolous and insincere, and was prosecuted with probable cause. Some decisions intimate that the test of probable cause is available only where the condition is coupled with a gift over, while others say that, with or without an alternate gift, there may be inquiry as to the sincerity of the dispute. It is even said by a text-writer that:

"This question of in terrorem must be left largely to the discretion of the court, and it is impossible to formulate any precise rule that will apply to all cases."

Against these views, all united in instinct but diverging in method, is the opinion that the plain intent of the testator must be looked for, and, if found, must be effectuated; that a legacy or other provision which is made to depend upon an event indicated must prevail or fail according to the prescribed event, simply for the reason that the testator has so ordained, and that the condition, therefore, must be effectuated, whether or not it be coupled with a gift over. Each of the propositions stated supra has found both approval and rejection. For a review of the subject, the following citations may serve: Cooke v. Turner, 14 Sim. 593, 15 Minn. & W. 726; Evanturel v. Evanturel, 6 P. C. 1; Powell v. Morgan, 2 Vern. 90; Morris v. Burroughs, 1 Atk. 404; Matter of Friend's Estate, 209 Pa. 442, 58 Atl. 853, 68 L. R. A. 447; Mallet v. Smith, 6 Rich. Eq. (S. C.) 12, 60 Am. Dec. 107, and cases cited in opinion and notes; Chew's Appeal, 45 Pa. 228; Fifield v. Van Wyck, 94 Va. 557, 27 S. E. 446, 64 Am. St. Rep. 745; Hyde v. Baldwin, 17 Pick. (Mass.) 303; Frederick v. Gray, 10 Serg. & R. (Pa.) 182; Lynn's Estate, 31 Pittsb. Leg. J. (N. S.) (Pa.) 258; Bradford v. Bradford, 19 Ohio St. 546, 2 Am. Rep. 419; Hoit v. Hoit, 42 N. J. Eq. 388, 7 Atl. 856, with notes, 59 Am. Rep. 43; Bennett

v. Packer, 70 Conn. 357, 39 Atl. 739, 66 Am. St. Rep. 112, with annotation; Smithsonian Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396, 42 L. Ed. 793; Jackson v. Westerfield, 61 How. Prac. 399; Brownson v. Gifford, 8 How. Prac. 389; Matter of Vandevort, 62 Hun, 612, 17 N. Y. Supp. 316; Bryant v. Thompson, 59 Hun, 545, ·14 N. Y. Supp. 28; Kelley v. Winslow, 73 Misc. Rep. 642, 131 N. Y. Supp. 65; Matter of Barandon, 41 Misc. Rep. 380, 84 N. Y. Supp. 937; Matter of Bratt, 10 Misc. Rep. 491, 32 N. Y. Supp. 168; Schouler, Wills & Adm. (1910) § 605, and note; Williams, Executors (7th Am. Ed.) 585; Story, Eq. Juris., §§ 289, 290; 2 Redf. Wills, 670; Rood, Wills, § 615; Jarman, Wills (6th Am. Ed.) § 112, *902; Page, Wills, § 683.

Out of this confusion of authority there can come only a balanced negation, an equality of sounds which produce silence. There is a precedent for every inconsistent solution of the question, but prescript for none. The present case is regarded as within the control of Hogan v. Curtin, 88 N. Y. 164, 42 Am. Rep. 244. The condition there involved was that the legacy should fail in part if the legatee should marry without the consent of designated persons. The court said upon discussion of the authorities:

"It is a clear proposition, therefore, that, according to the settled law of England, the legacy in this case, if it is regarded as a purely personal legacy, was not forfeited by the marriage of the testator's daughter without consent. There was no devise over on breach of the condition. The only gift over was in the event of the daughter's dying unmarried before 21. It has been frequently decided that a general gift of a residue is not a gift over within the rule [citing cases]. The condition, therefore, in this case, would be in terrorem only within the cases cited."

No reason is seen, none has been found in the literature of this subject, for any distinction among the various conditions with which testators may have inclined to surround their benefactions. Any rule applicable to the condition in partial restraint of marriage would seem equally appropriate to the condition against attacking the will. If the unmistakable direction can in one case be regarded as a merely empty threat, it must naturally have the same interpretation as to the other direction. Indeed, both contentions have often been discussed together, upon the evident conviction that they were subject to the same rules. Although the expression quoted from the case last cited may, perhaps, by some be regarded as obiter, and has been disregarded in Matter of Stewart, 5 N. Y. Supp. 32, the views of lower courts, however attractive, should not be preferred to an expression of the court of last resort.

The condition in the case at bar is therefore held to be without effect, and the decree should direct the payment of the income of the trust to the beneficiary without forfeiture.

Decreed accordingly.