---

In re ARROWSMITH. (No. 5847.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. CHARITIES (§ 4*)—VOID AND LAPSED BEQUESTS—RESIDUARY PROVISIONS.

Testatrix, after making several bequests, etc., directed her executor to pay the balance of her residuary estate to the trustees of the Home for Old Men and Aged Couples for the endowment of two single rooms, and, should the sum be more than sufficient for such purpose, to invest the excess thereof and apply the income for the sole benefit of the occupants of the rooms. The residuary estate amounted to $200,000, and the cost of endowing the two rooms was only $5,000 each, and by the rules of the institution no distinction could be made in the treatment of inmates, whether occupying endowed or unendowed rooms. Held, that, as the gift was absolute, the precatory words superadded, requesting that the excess

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest be used in a certain· way, did not defeat it because impracticable· to use it in such way.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 7, 9, 10; Dec. Dig. § 4.*]

2. WILLS (§ 651*)—CONDITIONS AND RESTRICTIONS—CONTEST OF WILL—CONSTRUCTION.

In case of a legacy of personal property, a provision in the will, to .the effect that if any devisee, legatee, etc., should contest the probate of the will, he should forfeit his interest, etc., is merely in terrorem, and not en-- forceable, unless there be a gift over in case of a breach, and a general gift of the residue is not a gift over.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1542; Dec. Dig. §· · 651.*]

Appeal from Surrogate's Court, New York County.

Proceeding for the settlement of the account of William Arrowsmith,. executor of Penelope McCrea, deceased. From a judgment declaring invalid a bequest to the Home for Old Men and Aged Couples, it appeals. Modified and affirmed in part and reversed in part.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Edgar M. Cullen, of Brooklyn, for appellant.
George W. Dunn, of New York City, for respondent executor.
Paul Bonynge, of New York City, for other respondents.

SCOTT, J. The decree from which this appeal is taken was entered upon ·the report of a referee whose conclusions were adopted by the surrogate. No question is raised as to the accounts of the executor; the only contest being as to the proper disposition to be made of the residuary estate of the testatrix.

[1] Penelope McCrea, an elderly maiden lady, died on February 25, 1908, leaving a will dated March 18, 1907, at which time the testatrix ·was about 84 years of age. She left as her sole heir and next of kin Mrs. Louise Terry Cruse, a niece, and Augustine L. McCrea, a nephew. After specific bequests of certain personal articles to her niece, she directed that all stocks and bonds in the custody of the United Trust Company should be delivered to said company as trustee to hold the same for the benefit of Mrs. Cruse during her lifetime. At her death the securities were to be sold and the proceeds paid to a charitable institution for specific purposes. All the residue of the estate the executor was directed to turn into money, and to pay therefrom debts, funeral expenses, and expenses of administration and certain legacies, including one of $2,000 to her nephew, Augustine L. McCrea. The controversy in the case arises out of the disposition of the balance of the residuary estate, as to which the will provides as follows:

"After the payment of the above debts, funeral, testamentary expenses and legacies, I direct my executor hereinafter named, to pay the balance of said residuary estate to the trustees of the Home for Old Men and Aged Couples, now located at Amsterdam avenue and 112th street, in the borough of Manhattan, city of New York, for the endowment of two single rooms in said home, one 'in memoriam of my beloved brother Edward Price McCrea', late· captain in the United States navy, and one 'in memoriam of my beloved sister

Catherine Laquer McCrea.' Should the sum to be paid to the trustees of said home by my executor, be more than sufficient to endow the two rooms aforesaid, I request said trustees to invest the excess thereof in lawful investments, and use and apply the income derived therefrom for the sole benefit of the occupants of said two rooms."

It appears that the balance of the residuary estate to which the foregoing provision is applicable amounts to a very large sum of money, upwards of $200,000; that the fixed cost of endowing a room in the home for Old Men and Aged Couples is $5,000; that no distinction is made in the treatment of its inmates whether occupying endowed or unendowed rooms, all receiving the same care and treatment, the annual cost of which per capita is necessarily small. It is quite apparent, therefore, that if the will be carried out according to its terms, the income derived from the fund, after the endowment of the rooms, will be much greater than can be used up, under the rules of the home, for the sole benefit of the occupants of the said endowed rooms. Under these circumstances the referee was of the opinion, and the surrogate has sustained him, that the bequest of the balance of the residuary estate directed to be paid over to the Old Men's Home should be upheld only to the extent of $10,000, the amount necessary for the endowment of two rooms, and that the remainder of the balance of said residuary estate should be considered as property undisposed of by the will, and should be paid over to the next of kin, and to the respondent Harding, who claims a part thereof under assignments from the niece and nephew. Neither the learned surrogate nor the referee has written an opinion stating the reasons for arriving at this conclusion. The respondents, however, seek to support it by arguing that the amount of the residuary estate was so out of proportion to the possible cost of that maintenance to which the testatrix requested that it should be applied that it is quite improbable that the testatrix realized the extent of her estate, or intended to give to the home so large a bequest as the language of her will, if literally read, would imply. It is argued, therefore that we should undertake to determine how much the testatrix would probably have left the Home if she had known the extent of her property, and should cut down her legacy to that sum, a process which would come perilously near making a will for her. This contention is sought to be supported by a line of cases in which testators have directed their executors to expend what has been deemed disproportionate amounts of small estates for the erection of monuments to the deceased or the saying of masses. Matter of Smith, 75 App. Div. 339, 78 N. Y. Supp. 130; Matter of Backes, 9 Misc. Rep. 504, 30 N. Y. Supp. 394; Matter of Boardman (Sur.) 20 N. Y. Supp. 60; Emans v. Hickman, 12 Hun, 425. The distinction between these cases and that at bar is obvious. In these cases there was no gift, but merely a direction to expend a given sum for a specified purpose. Here no such instruction is given to the executor, but there is a direct gift to a specified beneficiary.

Nor is it fatal to this gift to the Home that it will be impracticable to use the entire interest of the fund bequeathed in the precise manner that the testatrix requested that it should be used. The words of

gift are absolute and unequivocal; the direction as to the disposition of the income is merely in the form of a request. It is a well-established rule that whenever a will begins with an absolute gift, in order to cut it down the latter part of the will must show as clear an intention to cut down the absolute gift as the prior part does to make it. Lamb v. Eames, 10 Equity Cases, 267; Clay v. Wood, 153 N. Y. 134, 47 N. E. 274. The case last cited is authority· for the proposition that mere precatory words superadded to an absolute bequest will not be sufficient to qualify the absolute gift, or impress a trust upon it unless the intention so to do is clearly expressed in the will itself, for otherwise there would be introduced a repugnancy between the different portions of the will which the rules of construction forbid. An instructive case, and one which, as we consider, is determinative of the validity of the bequest under consideration, is Johnston v. Hughes, 187 N. Y. 446, 80 N. E. 373. In that case the testator had directed his executors to sell his real estate and—

"to divide the net proceeds of such sale as follows: Three equal fourth parts thereof to the trustees of St. Francis Hospital in the city of New York for the benefit and use of the Blessed Virgin Mary Purgatorial Fund of said hospital. * * *"

There was no such fund in existence, and the legacy could not therefore be literally applied to the purpose designated. There was indeed no corporation known as St. Francis Hospital, but there was a hospital building and grounds known to the public as St. Francis Hospital, which was owned and conducted by an incorporated society known as The Sisters of the Poor of St. Francis. This corporation claimed this legacy, and it was found as a fact, and indeed conceded, that the testator intended that his bequest should be paid over to that corporation. It was objected, however, that the gift was void because the corporation had not maintained a purgatorial fund; that the only possible object of such a fund was the saying of masses for the dead, and that the corporation had no power to act as trustee for such a fund or purpose, and that it was not for a corporate use. All these objections were met and overthrown by the Court of Appeals in an opinion too long for convenient quotation, but which held that no trust was created by the bequest, and no gift to the corporation in trust, but that the gift to the corporation was absolute, and that the testator's statement that the gift was intended for the purgatorial fund of the hospital did not serve to cut down the gift, or to deprive the corporation of the use thereof, but merely indicated a purpose, thus making the gift his primary object and the use to be made of it a secondary purpose. The reasoning by which this result was reached is entirely applicable to the present case. Matter of Durand, 194 N. Y. 477, 87 N. E. 677, is also an authority for the proposition that the gift to the Old Men's Home was an absolute one, not cut down by the expression of the testatrix's wishes as to its use, and that it did not create a trust.

Upon the principal question involved in this appeal we are therefore of the opinion that the surrogate was in error, and that there was a valid absolute gift of the balance of the residuary estate to the Home for Old Men and Aged Couples. This conclusion disposes of the

claims of the respondent Harding, who can take nothing under his assignments from the nephew and niece if they are entitled to no part of the residuary estate.

The legacy to the Old Men's Home is now claimed by the appellant Abbott under an assignment from the Home, and the respondents suggest infirmities in that assignment. This, however, is no concern of theirs. If the assignment is for any reason defective or invalid (and we do not suggest that it is), the only result is that the Home would be entitled to receive the bequest, and the question of the validity and effect of the assignment lies only between the Home and its assignee. Both are parties to this proceeding, and the Home has raised no question as to the validity of its assignment or of the right of its assignee to receive the bequest.

[2] But one further question remains to be considered. The will contains the following clause:

"Sixth: If any relative contests the probate of my will, or makes any attempt to prevent the carrying out of my intentions, as herein expressed, then I direct that such relatives shall lose and forfeit any claim or interest he or she may have therein, under any of the above provisions."

Augustine L. McCrea, to whom a legacy of $2,000 was given, commenced an action in the Supreme Court for the purpose of invalidating the will by reason of undue influence and incompetence. He did not press it, however, and with his acquiescence a judgment was entered dismissing his complaint and establishing the validity of the will. The surrogate was of the opinion, and has so decreed, that in consequence of this action on the part of Augustine L. McCrea he forfeited his legacy. As to when a legacy is forfeited under such a clause in a will as the one quoted above there is no little confusion in the cases, with little that can be said to be authoritative. The approved rule appears to be that in case of a legacy of personal property such a provision is merely in terrorem, and not enforceable unless there be a gift over in case of breach, and that a general gift of the residue is not a gift over. Hogan v. Curtin, 88 N. Y. 162, 42 Am. Rep. 244. The rule seems to be otherwise in case of a devise of realty, but in this case the direction to the executor to sell the real estate was imperative, and worked an equitable conversion, so that the gift to the Home was of personalty.

The result is that the decree of the surrogate will be so modified as to direct the executor to pay over the whole balance of the residue in his hands to the assignee of the Home for Old Men and Aged Couples, and by reversing so much of said decree as charges against the sum to be paid to appellant Abbott the amount already paid on account of the legacy of $2,000 to Augustine L. McCrea, and as so modified affirmed, with costs to the appellant Abbott and to the executor payable out of the estate. All concur.