## Matter of the Estate of John Fox, Deceased.

(Surrogate's Court, New York County, February, 1921.)

Wills — construction of — what does not work a forfeiture of a legacy — gift over — accounting.

> A testamentary provision that in case any beneficiary shall directly or indirectly contest or litigate the validity, factum or effect of the will in any action or proceeding with a view to void or annul the will, the legacy of such contestant shall be revoked and any devise or bequest in favor of such contesting person shall be absolutely void, and the will take effect and be administered as though such contesting person predeceased the testator, does not work a forfeiture of the legacy to a contestant, unless there is a gift over in case of breach of the condition, and a gift of the residue is not such a gift over.

Proceeding upon an accounting by a trustee.

Edwin C. Mulligan, for The Equitable Trust Company, as trustee, and Katharine O'Brien, as executrix.

Ellwood M. Rabenold, special guardian for Katharine Hogan O'Brien and John Fox O'Brien.

Eleanor B. Fox, beneficiary under the will, in person.

COHALAN, S.  In this accounting proceeding the court is asked to pass upon the validity or effect of the " in terrorem " clause contained in paragraph 22 of the will as against Eleanor B. Fox by reason of her action in the Supreme Court to have the last will and testament of the deceased set aside and adjudged invalid.  Paragraph 22 of the will provides in substance that in case any beneficiary named in the will shall directly or indirectly contest or litigate the validity, factum or effect of the will in any action or proceeding with a view to void or annul the will, the legacy of such contestant shall be revoked, and any devise or bequest in favor of such contesting person shall be absolutely void and the will " shall take effect and be administered as though such contesting person died before me."  The cases hold that a forfeiture of a legacy is not effected by such a provision in a will unless there is a gift over in case of the breach of the condition, and a gift of the residue is not such a gift over.  *Matter of Wall*, 76 Misc. Rep. 106; *Matter of Arrowsmith*, 162 App. Div. 623.  Paragraph 22 contains no gift over in particular terms.  It provides that the will shall be construed as if the contesting person — in this case, Eleanor B. Fox — had predeceased the testator.  We must therefore look at the provisions of the will which would be effective in case Eleanor B. Fox were not living at the time of the death of the testator.  Paragraph 17 of the will provides that in case of the death of Eleanor B. Fox without issue her share of the estate is bequeathed to Katharine O'Brien.  The legacy is in express terms

24

Surrogate's Court, New York County, February, 1921. [Vol. 114.

the gift of the residue of the estate. This general residuary clause under the authorities above cited does not appear to be sufficient to make the forfeiture effective. Furthermore, the one primarily interested in sustaining the forfeiture is Katharine O'Brien, as under the terms of paragraph 17 of the will she would be entitled to Eleanor B. Fox's share. The O'Brien infants, children of Katharine O'Brien, represented by the special guardian in this proceeding, are only contingently interested in the share of Eleanor B. Fox in the event of the latter's death without issue, which they would take provided their mother, Katharine O'Brien, should predecease them. Katharine O'Brien makes no claim of forfeiture against Eleanor B. Fox. In view of all the foregoing it is the opinion of the court that no forfeiture has resulted.

The proceeds of the sale of the furniture, furnishings and appurtenances of the residence " Foxhurst " should be distributed equally between Katharine O'Brien and Eleanor B. Fox.

A decree may be submitted on notice settling the account accordingly.

Decreed accordingly.