In the Matter of the Final Judicial Settlement of the Account of Proceedings of HENRY W. MILLER, as Executor of ANN A. MARSHALL, Deceased.

Surrogate's Court, Westchester County, October, 1922.

**Wills — construction — clause in terrorem is void if there is no gift over — legacies — when creditor entitled to payment of legacies.**

An *in terrorem* clause in a will is lawful if properly drawn.

A will and all codicils thereto are to be construed as part of one instrument.

A declaration in a will, by which after certain bequests the testatrix gave her residuary estate to certain named relatives, that should any legatee attempt to either contest the will or present any claim against the estate for alleged services rendered to testatrix during her lifetime or in any way make any claim against her estate other than that specifically bequeathed the bequest to any such legatee should be null and void, is a condition *in terrorem*, and there being no gift over such condition is inoperative, null and void.

One who more than a year before the death of the testatrix had been engaged by her and the person named as her executor as housekeeper and nurse at a stated weekly compensation, was by a codicil to the will given a legacy of $500 and by a later codicil was given a watch chain and $500 in addition to the prior legacy. A claim by said legatee for the balance due upon the contract of employment was admitted by the executor and paid. *Held*, that said legatee was entitled to both legacies, and the request of the residuary legatee that the accounts of the executor be surcharged with the amount of said legacies will be denied with direction for the payment of them.

PROCEEDING for settlement of executor's accounts and to construe will.

*Joseph E. Merriam*, for executor.

*Ticknor & Ticknor*, for Jane Abbott, legatee.

*John F. Keating*, for residuary legatees.

SLATER, S. Ann A. Marshall, the decedent, died January, 1922. By the 1st paragraph of her will, dated June 17, 1913, she directed the payment of all her " just debts." The will gives legacies to various persons and to relatives. The 5th paragraph gives all the rest, residue and remainder of her estate to ten certain relatives. The 7th paragraph provides for forfeiture and is *in terrorem* in character, viz.:

" *Seventh.* In making the above bequests it is my desire, that whether each of the bequests are prompted by feeling of affection on my part toward the legatee, by a sense of duty, or in a measure as an evidence of my appreciation of many acts of kindness shown me, or services rendered in my behalf, should any of said legatees attempt to either contest this my last will and testament, or present

Surrogate's Court, Westchester County, October, 1922.     [Vol. 119

any claim against my estate for *alleged services* rendered during my lifetime, or in any way make any claim against my estate other than that hereinabove specifically bequeathed, in such an event the bequest hereinabove made to any such person shall be null and void."

By a codicil dated May 31, 1921, Mrs. Alonzo (Jane) Abbott was given a legacy of $500. By a codicil dated October 14, 1921, the same Mrs. Abbott was given a black watch chain and the sum of $500 in addition to the prior legacy. By the 13th paragraph of the last codicil the rest, residue and remainder of the estate was given to eight certain named relatives. The last codicil republished the will. The will and codicils are to be construed as parts of one instrument. *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86.

It is claimed that the said Mrs. Abbott was engaged by the decedent and Mr. Miller, who was named as executor of the will some year or more before the death of the testatrix, for the purpose of keeping house for, and nursing the decedent, at $15 a week. No suspicious circumstances attend this bill. Payments were made by Mrs. Marshall on account of the services rendered during the year 1921, in the months of April, May, June and July, and August; the last payment was made August 15, 1921. After the death of the decedent, a claim was presented to the executor by Mrs. Abbott for $472.30, being the balance due upon the contract of employment, which claim was admitted by the executor and paid. Upon the accounting the residuary devisees and legatees ask that the executor be surcharged with the amount of this claim, and contend that Mrs. Abbott should either have the amount of her bill for the balance due her for services rendered to decedent, or the two legacies of $500 each, but not both. The executor says that the 7th paragraph is upon a condition subsequent which would not become operative because upon its breach there was not a gift over to Mrs. Abbott, and a general gift of the residue is not such a gift over.

The law relating to conditions *in terrorem* clauses in wills for a long time was in confusion, but it is now settled in this state. *Matter of Arrowsmith*, 162 App. Div. 623; affd., 213 N. Y. 704; *Matter of Wall*, 76 Misc. Rep. 106; *Matter of Farmer*, 99 id. 437, 447; *Matter of Stewart*, 5 N. Y. Supp. 32; *Matter of Hamilton*, 100 Misc. Rep. 72; *Sherman* v. *Richmond Hose Co. No. 2*, 101 id. 62, 72; mod. & affd., 186 App. Div. 417; affd., 230 N. Y. 462; *Robinson* v. *Martin*, 200 id. 159; *Matter of Fox*, 114 Misc. Rep. 368.

*In terrorem* clauses are usually aimed at legatees who are next of kin affecting their right to contest a will or in restraint of

marriage. They are rarely directed at claimants. What makes it *in terrorem* in character, whether aimed at a legatee, or aimed at a claimant, is the fact that the legacy becomes null and void if the legatee attempts either to contest the will, become married, or presents any claim against an estate. An *in terrorem* clause is lawful, if properly drawn. In *Matter of Vom Saal*, 82 Misc. Rep. 531, 540, the court writes fully upon the subject as of the date of 1913. In that case, however, the testatrix directed that the cost of any litigation should be charged against the amount coming under the will to the persons commencing the litigation, and the court held that the paragraph was valid, because the testatrix simply did what she had a right to do — deduct the cost of any litigation from the amount of the legacy. The clause in the will did not provide that the gift should become null and void, and it was *in terrorem*. That case was similar to *Hoit* v. *Hoit*, 42 N. J. Eq. 388. The *Vom Saal* case and that of *Hoit* v. *Hoit* were decided on the equitable principle that a person cannot accept and reject the same instrument and that there is an implied condition that he who accepts a benefit under it shall adopt the whole by conforming to all its provisions. In *Bryant* v. *Thompson*, 59 Hun, 545, 549, there was a gift over, but the court on the ground of public policy held the *in terrorem* clause void as it affected an infant daughter. In *Black* v. *Herring*, 79 Md. 146, and *Woodward* v. *James*, 44 Hun, 95, suits brought to construe wills and in partition were held not to debar a legatee from taking the legacy. *Matter of Vandevort*, 62 Hun, 612, is the only case I have discovered relating to a forfeiture if a claim is presented against the estate. The court said: " A personal legacy, without any gift over, and which fails by reason of the taking effect of a condition subsequent, when made in the limited restraint of marriage or against the contesting of wills, does not fail, as Jarman, in his work on Wills (2 Jarman, 581) and the authorities there cited show. (See, also, *Jackson* v. *Westerfield*, 61 How. Pr. 399.) *We know of no reason why the rule should be limited to the cases stated by Jarman. That author did not have in mind, doubtless, the fact that other conditions, such as the one before us, might be met in last wills.*"

It is contended by the residuary legatees that the 7th paragraph does not create a condition *in terrorem*, but the clause is in the nature of a gift that compels the legatee to elect on the equitable theory that a part of the will cannot be accepted and part rejected. It is readily admitted that, if the 7th paragraph is *in terrorem* in character, the law as now established by the courts permits Jane Abbott to collect her legacy and her claim, if it is valid. In the event that the 7th paragraph is not a condition *in terrorem*, no

presumption arises that the legacy is given in satisfaction of the debt where the will contains a direction to the executors to pay the " just debts," and where the indebtedness is unliquidated. *Matter of Enos,* 61 Misc. Rep. 594. A legacy implies a bounty, and not a payment. *Matter of Morey,* 1 N. Y. Supp. 687; *Matter of Dailey,* 43 Misc. Rep. 552. The principle of election cannot be applied here. The gifts and the claim are not repugnant. In some jurisdictions a provision that the legatee shall bring in no bill against the estate, and if he does the amount thereof is to be deducted from the legacy, is valid. However, that is not the instant case. Neither does the will declare that the bequest is in satisfaction of a debt, and unless so intended, it is not in satisfaction of the debt. *Sheldon* v. *Sheldon,* 133 N. Y. 1. I think the reference to the presentation of claims against the estate means only claims for *alleged services,* for fake services, for such services as the decedent felt might be presented against her estate, and not for actual services, and not legal claims for just debts. The direction to pay " my just debts " creates a strong presumption against the contention of the residuary legatees.

I shall hold that the 7th paragraph of the will is a condition *in terrorem* in character, and there being no gift over, that the condition is unoperative and null and void.

Let the decree provide for the payment of the two legacies to Jane Abbott. The request to surcharge the executor is denied. The residuary legatees may litigate, if they desire, the merits of the claim of Jane Abbott.

Decreed accordingly.