## In the Matter of the Estate of F. EUGENE BAILEY, Deceased.

Surrogate's Court, Delaware County, November 8, 1931.

*Hiscock, Williams & Cowie,* for First Trust and Deposit Company, petitioner.

*Hamilton J. Hewitt,* special guardian for three infants, Lois P. Bailey, Ruth M. Bailey and Helen J. Bailey.

*Arthur F. Curtis,* for Pauline Bailey.

O'Connor, S.   This is a proceeding for the construction of the will of F. Eugene Bailey, deceased, who died on or about March 20, 1926, leaving a last will and testament, which was duly admitted to probate by the surrogate of Delaware county on May 3, 1926; letters testamentary thereupon were duly issued to the First Trust and Deposit Company of Syracuse, N. Y., and said trust company duly qualified on that date, both as executor of and trustee under said last will and testament.   Thereafter proceedings were duly had for the judicial settlement of the accounts of said First Trust and Deposit Company as executor and a decree judicially settling such accounts to March 18, 1927, was made and entered on December 12, 1927, directing that the balance of the estate appearing upon said accounting be turned over to and held by said trust company, as trustee, in accordance with and for the purpose of the trust created by paragraphs 3 and 4 of said will.

The First Trust and Deposit Company has presented to this court an account of its proceedings as such trustee from March 18, 1927, to August 24, 1931, and asks that its said account be judicially settled and allowed and that a decree be made and entered determining the validity, construction and effect of the disposition of the property contained in the 2d and 3d paragraphs of said will which read as follows:

" Second. All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my Executor hereinafter named in trust to invest and hold the same, and pay the income arising therefrom over to my said wife in quarterly installments during her lifetime or until she shall marry.   Upon the death or remarriage of my said wife I direct that the Trust Fund be divided into as many equal parts as there shall be children of mine then surviving, and that one of such parts be held in trust for each of my said children.   The income of one of such parts shall be paid over to the use of each child in quarterly installments until he or she shall arrive at the age of twenty-five years, and then one-half of the principal of the Trust for each child shall be paid over by my Executor to him or her to be his or hers absolutely. The other one-half shall continue to be held in Trust until each child becomes thirty years of age when it shall be paid over by my Trustee to such child to be his or hers absolutely.   I direct that the Trustee in turning over the principal of the Trust shall turn over Bonds and Mortgages or other securities rather than cash to my children.

" Third. In order to provide for the suitable education of my children I hereby authorize my Trustee from time to time to advance out of principal moderate sums in its discretion for the

college education of each child. It is my wish that, as soon as convenient after my death, my family shall move into Syracuse or Ithaca the better to provide for the education of my children, and I direct my Trustee to withhold further payment of income from the trusts above made unless my family shall have so moved within five years after my death."

On the former judicial settlement Pauline Bailey, the widow of the deceased, filed a petition requesting construction of the above paragraphs of said will. At that time the five-year period specified in the 3d paragraph of the will had not expired and the court held that a judicial construction of the will was not necessary in the proceeding for a judicial settlement of the account; that the necessity for such a determination might never arise and that the proper time to determine such questions was when they arose and that they should not be anticipated.

The five-year period has now elapsed and it becomes necessary to have a judicial construction of the will in order that the trustee may know whether or not to continue to pay the income from the estate to the widow, and if not what disposition of the income should be had.

The deceased left his said widow, Pauline Bailey, and three infant children, Lois P. Bailey, now ten years of age, Ruth M. Bailey, now eight years of age, and Helen J. Bailey, now seven years of age. Shortly after the death of testator, F. Eugene Bailey, the widow took her three children and moved to Cooperstown, N. Y., where she and they have continued to reside. It appears from the evidence in this proceeding that the reason for her doing this was that her friends and relatives lived at Cooperstown and that they were willing to help and have been helping her maintain her home and support and care for her children; that the income from the estate left by her husband only amounts to about seventy-five dollars a month and she claims that it would be an impossiblity for her to move to Ithaca or Syracuse and support her children in either of those cities on that amount of money. She, therefore, asks that the clause in the 3d paragraph of her husband's will directing the trustee to withhold further payment of income from the trusts above made unless his family should have moved into Syracuse or Ithaca within five years after death, be held to be invalid. She urges a number of reasons in support of her contention.

One of the arguments advanced by the attorney for the widow is that the language of paragraph 3 is precatory and not mandatory; that an absolute bequest of income is given to the widow under the 2d paragraph of the will and that the clause which directs the trustee to withhold further payment of income unless

his family moves to Syracuse or Ithaca is introduced by the words "It is my wish that." If this language continued through and governed the remainder of the sentence the contention that it is a precatory clause and not a mandatory would prevail. However, this is not the case, and while the testator stated it was his wish that his family move into Syracuse or Ithaca the better to provide for the education of his children, he followed it by directing his trustee to enforce his wish by withholding further payment of the income unless his family should have so moved within five years after his death.

Thus while the testator expressed a wish which his family were not obligated to carry out, yet he had a right to and did provide that in case they did not comply with the wish they incurred the penalty of having the income from the trust fund withheld by the trustee. In other words, he sought to enforce the carrying out of his wish by imposing a penalty for a failure to do so. In doing this he was clearly within his rights even though the penalty imposed by him for failure to comply with his wishes was capricious, arbitrary and severe. The testator's power to give necessarily includes the right to withhold or to attach terms and conditions to the gift, regardless of how capricious or unreasonable the conditions may seem to others unless they violate some established principle or statute. (*Oliver* v. *Wells*, 254 N. Y. 451; *Matter of Scott*, 204 N. Y. Supp. 478.)

It is also urged that the absolute gift made in the 2d paragraph of the will cannot be cut down by precatory words. There is no doubt this is the true rule, but the latter part of this will, in the opinion of the court, shows as clear an intention to cut down the absolute gift if the testator's wish is not carried out by his family moving to either Syracuse or Ithaca, as the 2d paragraph of the will does in making the gift, and, therefore, the gift made in the 2d paragraph of the will is cut down or made conditional upon testator's family complying with his wish expressed in the 3d paragraph of the will followed by a penalty in case they fail to comply.

It is also contended in behalf of the widow that the performance of the condition attached to the gift was impossible and imposes an unreasonable restraint upon the acts and conduct of the widow and is, therefore, against public policy. Mrs. Bailey testified, and it appears from the account, that her income from this trust fund is about seventy-five dollars a month and that from the inquiries she had made as to the cost of living in Ithaca and Syracuse it would be impossible for her to maintain herself and her three children in either of these places for that amount. In fact, she testified if it had not been for the help of relatives and friends she would

not have been able to maintain herself and her children at Coopertown. She also testified that she had never attempted to live in either Ithaca or Syracuse.

In the opinion of the court the condition imposed by the testator is capricious and arbitrary, but the court does not feel warranted in holding that it is so unreasonable as to be void as against public policy or that, from the evidence before it, the condition is impossible of performance. Whether these conclusions of the court are warranted or not is immaterial for the reason that in the opinion of the court the 3d paragraph of the testator's will is void for other reasons. It is to be noted that the testator made no provision as to the disposition of the income of the trust fund during the lifetime of the widow in case she should fail to comply with his wish and remove to Ithaca or Syracuse within five years after his death, but that he simply directed the trustee to withhold further payment of the income unless she complied with his wish within that time. He did provide in the 2d paragraph that upon the death or remarriage of his wife the trust fund should be divided into as many equal parts as there should be children of him then surviving and the income from each of said parts paid over to the use of each child in quarterly installments until he or she should arrive at the age of twenty-one years, and then made other provisions which it is not necessary to consider at this time. The natural and logical inference to be drawn from the 3d paragraph of the teststor's will is that in case his widow did not comply with the condition therein expressed after his death the income which he had directed to be paid to her during her lifetime or until she should remarry should be accumulated until her death or remarriage. The only other disposition that could be made of this income would be to have it paid to each of his children in quarterly installments as provided in the 2d paragraph of the will should be done upon the death or remarriage of his widow.

The statute, so far as is applicable here, expressly forbids the accumulation of income of personal property except during the minority of infants (Pers. Prop. Law, § 16).

It would, therefore, be illegal to withhold payment of income until the widow complied with the conditions of the 3d paragraph of the will or until her death or remarriage. The clause which provides that the trustee withhold further payment of the income is known as a provision *in terrorem*.

It is established by numerous authorities that a clause in a will which provides that a bequest of personal property shall be null and void is a condition *in terrorem*, and does not become operative unless the clause provides for a gift over upon the breach

of the condition, and a general gift of the residue is not a gift over. (*Matter of Arrowsmith*, 162 App. Div. 623; affd., 213 N. Y. 704; *Matter of Fox*, 114 Misc. 368; *Matter of Harriman*, 119 id. 42; *Sherman* v. *Richmond Hose Co., No. 2*, 230 N. Y. 462; *Matter of Marshall*, 119 Misc. 407.) Section 63 of the Real Property Law provides in part: " When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." This section is made applicable to personal as well as real property by section 11 of the Personal Property Law. (*Matter of Harteau*, 204 N. Y. 292.) These two sections were construed and applied in the cases of *Manice* v. *Manice* (43 N. Y. 303) and *Cook* v. *Lowry* (95 id. 103).

However, these cases are not applicable, for in this case it is impossible to determine as to who will presumptively be entitled to the next eventual estate, for the 2d paragraph of the will provides that the income shall be paid to the wife during her lifetime or until she shall marry and then upon her death or remarriage the trust fund is to be divided and the income paid to the children, etc. It is possible, although it may be improbable, that all three children of the deceased may predecease the widow. In that case the children would not take the income from the trust fund. It is impossible to determine which one, if any, of the children will survive the death or remarriage of the widow and, therefore, impossible to determine who is presumptively entitled to the next eventual estate. Thus this provision in the will is void for uncertainty. (*Newkerk* v. *Newkerk*, 2 Caines, 345; *United States Trust Company* v. *Soher*, 178 N. Y. 442.)

The provision in the 3d paragraph of the will directing the trustee to withhold further payment of income from the trust made in the 2d paragraph of the will unless his family should move within five years after his death into Syracuse or Ithaca is inoperative because there is no gift over upon its breach and for uncertainty. The trustee should continue to pay the income to the widow until her death or remarriage as directed in the 2d paragraph of decedent's will.

A decree may be entered accordingly.