In the Matter of the Application of the NATIONAL CITY BANK OF NEW YORK, Successor by Merger of the PEOPLES TRUST COMPANY OF THE BOROUGH OF BROOKLYN, CITY OF NEW YORK, Petitioner, for a Construction of the Eighth Clause of the Last Will and Testament of FRANCES A. JACOBS, Late of the County of Delaware, Deceased, and to Render and Settle Its Accounts as Trustee of the Trusts Created by the Said Last Will and Testament.*

CLARA AUGUSTA TRAVER, by FRANK GIBBONS, Her Special Guardian, Appellant; RUTH JACOBS and Another, Respondents.

Third Department, March 13, 1935.

---

* See 150 Misc. 381.

*Wingate & Cullen*, for the petitioner.

*Frank Gibbons*, special guardian, for the appellant Clara Augusta Traver.

*Flaesch & Latham* [*Livingston S. Latham* of counsel], for the respondents William H. Jacobs and Ruth Jacobs.

RHODES, J. The eighth paragraph of the will of testatrix, construction of which is involved herein, is as follows:

" *Eighth*. I bequeath to my executors hereinafter named in trust, the sum of three thousand dollars ($3,000.00) to be expended for a college course in Vassar or Wellesley College or a college of equal standing for my granddaughter Ruth and for her proper and reasonable expenses in taking such course, to be paid to her or for such expenses, in the discretion of said executors, and at such times and in such manner as in their judgment shall be proper and for her best interests and in case she shall refuse to take such course before she arrives at the age of twenty-five years or is unable to do so I bequeath the said sum of Three thousand dollars to Clara Augusta

Traver or in case of her death to Bertha I. Traver's youngest child living at the time of the failure of my said grand-child to take such college course. All interest upon such fund to be treated and disposed of as part of the principal of said fund."

The will is not set forth at length in the record, and the date thereof is not shown. It does appear, however, that testatrix died in September, 1922, and that the will was admitted to probate September 16, 1922; that Ruth Jacobs was born on the 23d day of January, 1912; that in the year 1918 said Ruth Jacobs suffered from an attack of influenza so that for a time she was partially blind and was for many months under treatment before her sight was sufficiently restored to enable her to undertake reading or study or to engage in any pursuit which required protracted use of her eyes; that although her eyesight is improved, her eyes are still weak and it is inadvisable to have them subjected to severe strain such as may be caused by protracted and concentrated study of the kind required for preparation in a regular college course and for the taking of a full academic course as is required in Vassar, Wellesley or any other general academic college.

Previously, and when about five years of age, she was stricken with infantile paralysis, which partially affected the use of her left hand and arm, and the use thereof is now somewhat impaired, although she is hopeful that she will ultimately recover the use thereof.

In the affidavit of Ruth Jacobs, presented before the surrogate in this proceeding, she states: " My eyesight is such that it is difficult for me to devote the amount of concentrated study necessary to enable me to fit myself for a full college course and for the taking of a college course after I have succeeded in completing the necessary preliminary courses. I am now twenty-one years of age, and would probably have to continue my studies for about two years further before I would be educationally fitted to enter college, and the study required in the taking of a regular college course would, I believe, be a strain upon my eyes which might be hurtful, and I would prefer to be permitted to take the course in art for which I have some talent and in which I am interested. Such a course as is offered by the Pittsburgh Art Institute or by any other good institution of similar character would be preferable to me personally instead of utilizing the funds in sending me to a regular academic college."

Later in the proceeding she filed a verified " Supplemental Answer," wherein she states that she has ascertained that she can secure admission to Pratt Institute, a school of household arts and sciences at Brooklyn, N. Y.; that the course of study which she wishes to pursue in said institution is a course in dietetics;

that said institution requires for admission to said course of study satisfactory completion of a four years' course in high school or an equivalent of such course; that she will be given credit by said institution for work which she has done in the laboratory of her father's pharmacy, and will be admitted to said institution upon a basis equal to that of a high school graduate. She has finished practically two years of high school work, having attended high school for a part of three years and was not in attendance at the time of the hearing.

There appears in the record the opinion of the supervisor, qualifying certificates, of the State Education Department, and the parties have stipulated that such opinion be submitted as evidence herein. It states in part:

" Pratt Institute gives specialized courses in science and engineering and in household sciences and arts, the majority of which may be considered of collegiate grade and of acceptable standards. Technically, however, this Institute is not registered by this Department as a college or professional school, since it does not require for admission graduation from an approved high school in all cases and does not grant a degree.

" Pratt Institute has never been officially registered by this Department as a college or university mainly because it does not meet the standards of the Department for such registration. These standards include, first, a requirement that all students entering a college or university must be graduates of an approved or accredited high school or have equivalent education; second, that the college or university applying for registration must conduct a four-year college course and confer a degree at the end of the course.

" Pratt Institute does not require, necessarily, graduation from high school for admission, and does not operate a full four-year course or confer a degree, so that this Institute cannot be considered as a college or university of equivalent standing to Vassar, Wellesley, Cornell, or other standard colleges or universities."

By the decree appealed from, said eighth paragraph of the will is construed to authorize the trustee of said will to expend said fund for a four-year course in dietetics in Pratt Institute, Brooklyn, to the extent that the same is necessary for the proper and reasonable expenses of the beneficiary in taking such a course. The appellant questions this construction on the ground that the will forbids the expenditure of money for a course of instruction whether in dietetics or in any other subject, in Pratt Institute.

The objection has merit. The language of the clause in question is clear. The money is to be used for a *college course* in Vassar or Wellesley *College* or a *college* of equal standing. The language

employed is quite specific and reveals a definite and limited purpose. The physical condition of her granddaughter, presumably, was known to testatrix for this condition had existed for several years prior to her death. The language indicates that testatrix had this situation in mind, for she provided that if her said granddaughter were unable to take such course before arrival at the age of twenty-five years, then other disposition of the fund was made. Likewise, she directed that the fund go elsewhere in case the granddaughter refused to take " such course." Sufficient time elapsed between the date of the granddaughter's affliction and the date of testatrix's death to have permitted a different provision for the granddaughter by a change in the will, had the testatrix so desired. She did not give the money to be used without qualification for the education of the beneficiary. She imposed restrictions and limitations upon the gift. It was to be used for a *college course* unless the grand-daughter was unable or refused to take such course before arriving at the age of twenty-five years.

The word " college " has a well-understood and definite meaning, as to which it is unnecessary to elaborate. By section 2 of the Education Law the term " college " includes institutions for higher education authorized to confer degrees. As above stated, the standards of the State Education Department require that students entering a college must be graduates of an approved or an accredited high school or have an equivalent education. Pratt Institute does not demand these requirements and does not confer degrees.

It may be assumed that the course which Miss Jacobs desires to take in such institute is more adapted to her requirements than a college course — that is not the point here involved. We are prone to overlook the obvious fact that we are not here interpreting or enforcing an agreement, nor adjusting the equities between parties to a transaction. We are construing a testamentary gift.

The learned and able surrogate below, in an opinion in another matter, very aptly stated the rule in the following language: " The testator's power to give necessarily includes the right to withhold or to attach terms and conditions to the gift, regardless of how capricious or unreasonable the conditions may seem to others, unless they violate some established principle or statute." (*Matter of Bailey*, 141 Misc. 748.)

No matter how deeply we may sympathize with the beneficiary, and regardless of any regret that the gift was not made upon less difficult terms and conditions, we may not make a new will for the testatrix by distorting and perverting her expressed and declared meaning and intent, in order to effectuate a seemingly more satis-factory arrangement, or to accomplish that which we may think

she ought to have done. Our function here is not to change and reshape to accomplish what we may deem more desirable and equitable; our function is to effectuate the intention of the testatrix. She having hedged the gift with restrictions and imposed limitations and conditions to its taking effect, we may not enlarge such conditions and limitations by importing into the will a meaning and intention which it does not express and which is not deducible from the language thereof.

The intent of the testatrix as to the accumulation of income upon this fund, hereinafter discussed, has been recognized and accepted, even though the result thereof has been to produce invalidity in that respect. The equally clear intent that the beneficiary, in order to receive the money, must pursue a college course, is sought to be otherwise construed, even though thereby the rights and interests of the infant appellant, Clara A. Traver, are invaded and substantially destroyed.

The condition of the gift does not permit the fund to be employed to provide a course to the granddaughter in Pratt Institute.

The appellant also objects to that portion of the decree which directs the disposition of the accumulation of income. That part of the decree provides as follows:

" Ordered, adjudged and decreed: 1. That the Eighth Paragraph of said Will provides for an accumulation of income after said Ruth Jacobs becomes twenty-one years of age, and that said accumulation is void to the extent that it has accrued and may hereafter accrue since she has attained the age of twenty-one years. That any accumulation of income after Ruth Jacobs became twenty-one years of age and up to the time she complies with the terms of said Will, be paid to said Clara Augusta Traver as the person presumptively entitled to the next eventual estate, and in case of her death, to Bertha I. Traver's youngest child; that if said Ruth Jacobs complies with the terms of said Will and starts taking a course in Vassar, Wellesley or a college of equal standing, as hereinafter set forth, she be paid any income received from said trust fund provided for by said Eighth Paragraph of said Will, as said income accrues."

The appellant insists that the entire accumulation is void and should go to the appellant Clara A. Traver, as the person entitled to the next eventual estate.

The view which I take does not coincide with the determination of the surrogate nor with the contention of the appellant.

If the granddaughter had elected to pursue the prescribed college course before arriving at the age of twenty-one years, there would have been no unlawful accumulation of income as section 16 of the

Personal Property Law permits an accumulation of income during the minority of the person for whose benefit the accumulation is intended. However, she is now past twenty-one, and having failed to pursue such college course, the possibility of an unlawful accumulation of income has now become an actuality.

By section 63 of the Real Property Law such an invalid accumulation belongs to the person presumptively entitled to the next eventual estate. This rule is equally applicable to future interests in personal property. (*Matter of Harteau*, 204 N. Y. 292; Pers. Prop. Law, § 11.)

By the provisions of the will, however, until she arrives at the age of twenty-five years, Miss Jacobs continues to possess the right to elect to pursue such course. Upon the record before us, it is not established that it will be impossible for her so to do.

Inasmuch as she is given the fund on condition that she pursue a college course within the time limited, and may still elect so to do, she is the person presumptively entitled to the next eventual estate, the ultimate vesting thereof depending upon her said election, and the right of the appellant thereto being subordinate to and contingent upon such election. (See *Matter of Harteau, supra; Cook* v. *Lowry*, 95 N. Y. 103; *Manice* v. *Manice*, 43 id. 303; *St. John* v. *Andrews Institute*, 191 id. 254; *Pray* v. *Hegeman*, 92 id. 508.)

The determination below assumes that the income on said fund until said Ruth Jacobs arrived at the age of twenty-one years belongs in any event to her. The will does not specifically so provide. It directs that " All interest upon such fund to be treated and disposed of as part of the principal of said fund." The interest was not in terms specifically given to Ruth Jacobs. The void accumulation, therefore, does not pass to her by virtue of the terms of the will, but by virtue of the command of the statute. The practical result may not differ materially from that arrived at by the surrogate. There is, however, a slight difference in result for the reasons herein set forth. Therefore, until Miss Jacobs, within the time limited, makes an election as to the taking of a college course, the income on the fund is payable to her.

The decree, in so far as it authorizes the trustee of said will to expend said fund for a four-year course in dietetics in Pratt Institute, Brooklyn, N. Y., should be reversed, and in so far as it provides for the payment of the income thereon, should be modified by providing that the income thereof be paid to Ruth Jacobs, as the person presumptively entitled to the next eventual estate until the determination of the ownership of the corpus of said fund by her decision as to whether or not she will pursue a college course as required by the provisions of the will, with costs to both parties payable out of said fund.