appears to have signed it, may be important upon the trial, but it is not material here. Whether the person who signed the statement was authorized to do so on behalf of the defendants is a mere matter of proof, to be considered at the trial of the action. Charman v. Henshaw, 15 Gray, 293. By the demurrer the defendants have admitted that the account was stated between the plaintiff and the defendants, as is alleged in the complaint, and upon that admission the plaintiff may rest, and the defendants must stand in this appeal.

The interlocutory judgment, therefore, must be reversed, with costs, and judgment entered for the plaintiff upon the demurrer, with costs, with leave to the defendants to withdraw the demurrer, and answer, upon payment of the costs of the court below and of this court. All concur, except VAN BRUNT, P. J., dissenting.

---

(37 App. Div. 348.)

### BIRDSALL v. GRANT et al.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

DEED—CONDITION SUBSEQUENT.

A deed, by its terms conveying a title in fee, "subject, however, to the condition following: The second party is to devote, pay, and use the income and profit of said premises to and for the benefit, support, and maintenance of her son, C., during his natural life,"—does not create a trust, but conveys on a condition subsequent, which may be waived by the person entitled to enforce it.

Appeal from special term, Wayne county.

Action by Charlotte H. Birdsall, as administratrix of the will of Thomas J. Birdsall, deceased, against Charles J. Grant, impleaded with M. Frances Grant, to foreclose a mortgage executed by defendants on the land conveyed to said M. Frances Grant by Lucy C. Grant. From a judgment for plaintiff, defendant Charles J. Grant appeals. Affirmed.

The following is the opinion of the court below (DUNWELL, J.):

The clause in the deed from Lucy C. Grant to M. Frances Grant which qualifies the fee is the subject of the controversy in this action. The deed, which is in the usual form, by its terms conveys a title in fee, "subject, however, to the condition following: The second party [M. Frances Grant] is to devote, pay, and use the income and profits of said premises to and for the benefit, support, and maintenance of her son, Charles J. Grant, during his natural life." Plaintiff asserts the words in question to be a condition subsequent, while defendants insist that they create a trust.

The intention of the grantor seems to have been to convey the fee to her son's wife, requiring her, however, to apply the income to the son's support during his life. She might accomplish the object of her son's support either by a trust or a condition. She could confer upon M. Frances Grant a title to the real property, as trustee, or convey to her the fee upon condition. By the deed which she gave she used words presently vesting the title in fee. She did not employ any of the conventional words usually selected to convey a title in trust. The language used created a title in fee. Immediately following the conveyance of the fee she imposes upon it the burden of her son's support. She, herself, calls it a "condition"; for she uses this language, "subject, however, to the condition following," etc. It is not to be supposed that because support and maintenance are permitted by the statute as one of the objects of a trust, all methods employed for the same purpose must necessarily be considered trusts.

57 N.Y.S.—45

Here is a plain conveyance of a fee, and attached thereto a condition that the income and profits are to be devoted to the support of another for life. The condition being such that its performance necessarily takes place after the vesting of title, it falls within all the definitions of a "condition subsequent." Underhill v. Railroad Co., 20 Barb. 459, 460; Livingston v. Gordon, 84 N. Y. 142, 143; Hogeboom v. Hall, 24 Wend. 146. Such a condition may be waived or released by the person entitled to enforce it. Wheeler v. Dunning, 33 Hun, 205; Ger. Real Estate, 116.

It follows that defendants could effectually mortgage the property; and, having done so, plaintiff is entitled to the usual judgment of foreclosure and sale.

Findings and judgment are directed accordingly.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLEN-NAN, and SPRING, JJ.

F. E. Converse, for appellant.
S. N. Sawyer, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of DUNWELL, J., delivered at special term.

---

(39 App. Div. 602.)

### STATE NAT. BANK v. WEED.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

EVIDENCE—RES GESTÆ—MEMORANDA—CORROBORATION.
 A memorandum of facts, made by a witness at the time of the occurrence of events concerning which he has already testified from independent recollection, and which is no part of the res gestæ, is incompetent evidence of the facts which it recites, and cannot be introduced to corroborate the witness.

Appeal from trial term.

Action by the State National Bank against Smith M. Weed. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

For opinion on former appeal, see 47 N. Y. Supp. 785.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Frank Walling, for appellant.
Howard R. Bayne, for respondent.

PATTERSON, J. This judgment must be reversed for an error in the admission of evidence. The action was originally brought against the maker and indorser of a promissory note for $2,000, dated November 26, 1894. One Reed was the maker, and Weed the indorser. The action was severed, and continued against Weed as the sole defendant. A verdict for the plaintiff was rendered at trial term. The defendant appeals from the judgment entered thereon, and from an order denying a motion for a new trial.

The defense is that Weed indorsed the note for the accommodation of the maker, and to enable Reed, by procuring the note to be discounted, to raise money to be applied to the payment of certain pressing claims against him for rent, and for family supplies and servant's wages; that Reed, instead of thus using the note, delivered