CHARLOTTE H. BIRDSALL, as Administratrix with the Will Annexed of THOMAS T. BIRDSALL, Deceased, Respondent, *v.* CHARLES J. GRANT, Appellant, Impleaded with M. FRANCES GRANT.

*Deed — what provision creates a condition subsequent and not a trust — the grantee and the person entitled to enforce the condition may mortgage the property.*

Where a deed in the usual form by its terms conveys a title in fee, " subject, however, to the condition following: The second party (M. Frances Grant) is to devote, pay and use the income and profits of said premises to and for the benefit, support and maintenance of her son, Charles J. Grant, during his natural life," such words do not create a trust, but must be construed as a condi-

tion subsequent, the condition being one the performance of which necessarily takes place after the vesting of the title of the property conveyed.

Such a condition may be waived or released by the person entitled to enforce it, and the latter, together with the grantee, may effectually mortgage the property.

APPEAL by the defendant, Charles J. Grant, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Wayne on the 10th day of May, 1898, upon the decision of the court rendered after a trial at the Wayne Special Term.

The action was brought to foreclose a mortgage executed by Charles J. Grant and M. Frances Grant to the plaintiff upon premises described in a deed from Lucy C. Grant to M. Frances Grant.

*F. E. Converse,* for the appellant.

*S. N. Sawyer,* for the respondent.

Judgment affirmed, with costs, on the memorandum of DUNWELL, J., delivered at Special Term.

All concurred.

The following is the memorandum of DUNWELL, J., delivered at Special Term :

DUNWELL, J.:

The clause in the deed from Lucy C. Grant to M. Frances Grant which qualifies the fee is the subject of the controversy in this action.

The deed, which is in the usual form, by its terms conveys a title in fee, " subject, however, to the condition following : The second party " (M. Frances Grant) " is to devote, pay and use the income and profits of said premises to and for the benefit, support and maintenance of her son, Charles J. Grant, during his natural life."

Plaintiff asserts the words in question to be a condition subsequent, while defendants insist that they create a trust.

The intention of the grantor seems to have been to convey the fee to her son's wife, requiring her, however, to apply the income to the son's support during his life.

She might accomplish the object of her son's support either by a trust or a condition.

She could confer upon M. Frances Grant a title to the real property, as trustee, or convey to her the fee upon condition.

By the deed which she gave she used words presently vesting the title in fee. She did not employ any of the conventional words usually selected to convey a title in trust. The language used created a title in fee.

Immediately following the conveyance of the fee she imposes upon it the burden of her son's support. She, herself, calls it a "condition," for she uses this language, "subject, however, to the *condition* following," etc.

It is not to be supposed that because support and maintenance are permitted by the statute as one of the objects of a trust, all methods employed for the same purpose must necessarily be considered trusts.

Here is a plain conveyance of a fee and attached thereto a condition that the income and profits are to be devoted to the support of another for life. The condition being such that its performance necessarily takes place after the vesting of title, it falls within all the definitions of a condition subsequent. (*Underhill* v. *Saratoga & Washington R. R. Co.*, 20 Barb. 459, 460; *Livingston* v. *Gordon*, 84 N. Y. 142, 143; *Hogeboom* v. *Hall*, 24 Wend. 146.) Such a condition may be waived or released by the person entitled to enforce it. (*Wheeler* v. *Dunning*, 33 Hun, 205; Gerard Titles to Real Est. 116.)

It follows that defendants could effectually mortgage the property, and having done so, plaintiff is entitled to the usual judgment of foreclosure and sale.

Findings and judgment are directed accordingly.