## McNAUGHT v. HOFFMAN. *

(Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

### No. 3659.

1. **Trusts ☞35(1)—Deed and contract held not to create trust in favor of third person.**

A deed of real property and a contract between the parties executed at the same time, providing that the grantee should pay to a sister of the grantor $50 per month and that, such payments being made, the deed should be effective until the marriage or death of the grantee, when the property should revert, construed together as parts of the same transaction and *held* to constitute a conveyance on condition subsequent, and not to create a trust in favor of the sister, enforceable by her.

2. **Contracts ☞187(1)—When third person may enforce contract made for his benefit.**

Under Rev. Codes Mont. § 4970, providing that "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it," as construed by the Supreme Court of the state, which construction is binding on the federal courts, a contract to come within the scope of the statute must be one wherein the promisor undertakes to pay or discharge some debt or duty which the promisee owes to the third person, and where no consideration passes from the third person, but the provision for his benefit is voluntary on the part of the promisee, he cannot maintain an action for its enforcement.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

At Law. Action by Ollie N. McNaught against Sadie Hoffman. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error, as plaintiff, in her complaint in the court below set forth that she is the sister of Mary M. Smith, the owner of two town lots in Lewistown, Mont., on which there is a hotel known as the Hoffman House; that on March 14, 1910, Mary M. Smith conveyed said premises by deed to the defendant in error, and that contemporaneously with the deed, and as a part of the same transaction, the defendant and Mary M. Smith entered into a written contract as follows: "A written contract between two parties, Mary Smith, party of the first part, and Sadie Hoffman, party of the second part, concerning the deed to the Hoffman House, that no less than $50 per mo. be paid to Mrs. J. A. McNaught for an unlimited time, and the deed then will stand good until the marriage or death of the party of the second part, Sadie Hoffman, when it goes back to party of the first part, Mary Smith, if alive, if not, to her heirs." The plaintiff further alleged that the deed referred to in the agreement was the deed from Mrs. Smith to Mrs. Hoffman, and that there was no other consideration for the deed than the carrying out by the defendant of the conditions of the contract; that on the delivery of said papers the defendant entered into the possession and enjoyment of the premises, and paid to the plaintiff $50 per month until October 14, 1910, and has since failed and refused to make further payments. The defendant answered denying that the contract was part of the same transaction with the deed, and alleging that the contract was entered into at the request of Mary M. Smith and without any consideration, and with the distinct understanding that the phrase "unlimited time" was to be taken and understood by the parties to mean such time as might be necessary for said Mary M. Smith to make arrangements for some other source to care for and provide for the plaintiff; that on October 9, 1910, Mary M. Smith wrote to the defendant as follows: "Now, a little business, dear. We signed a contract while you were in Calif. When

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied October 10, 1921.

I go back I will burn it up. You can have the Hoffman House, grounds and its furnishings, and when you are through with it, it can go to Mabel, for I feel you have earned it. It will always give you a support should you lease it, when you get too (lazy) to run it (not too old), so you need make no other deed"—which letter relieved the defendant from any other or further obligation under said contract. The defendant pleaded the statute of limitations to each of the plaintiff's causes of action. The plaintiff filed a replication, denying that the contract was without consideration, and alleging that the letter of October 9, 1910, was written without the plaintiff's knowledge or consent or acquiescence, and denying that it relieved the defendant from the obligations in the contract expressed, or that the contract was ever annulled or set aside. The defendant moved for judgment on the pleadings, and the plaintiff made a counter motion for judgment on the pleadings. The latter motion was overruled, and the former was granted, and judgment was entered for the defendant.

McIntire & Murphy and H. G. McIntire, all of Helena, Mont., for plaintiff in error.

Gunn, Rasch & Hall, of Helena, Mont., and Belden & De Kalb, of Lewistown, Mont., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The legal effect of the deed and the contract as between the parties thereto was determined by a judgment of the Supreme Court of Montana in Smith v. Hoffman, 56 Mont. 299, 184 Pac. 842, a suit brought by Mrs. Smith against Mrs. Hoffman seeking the cancellation of the deed for alleged breach of the contract to make the $50 monthly payments so provided for. The court held that under section 5031 of the Code of Montana the deed and the contract were to be taken together as parts of one transaction, that from the evidence the only consideration for the deed was the promise to make the $50 payments, that the deed was a grant upon condition subsequent, and that upon a breach thereof the plaintiff would have been entitled to a rescission but for the fact that she waived the condition subsequent, that Mrs. Hoffman's title constituted a life estate unless she should remarry, in which event her estate would terminate, with reversion to Mrs. Smith, her heirs and assigns. The court also held that so far as the suit pending therein was concerned, Mrs. Hoffman was justified in treating the letter of October 9, 1910, and another letter written a year later, as relieving her from the necessity of making any further payments to Mrs. McNaught. We agree with the Supreme Court of Montana in construction of the deed and the accompanying contract, and we hold that the instruments created in the grantee an estate upon condition subsequent, and that they had not the effect to create a trust in favor of the plaintiff herein. 39 Cyc. 65; Steele v. Clark, 77 Ill. 471; Marston v. Humphrey, 24 Me. 513; Riddle v. Beattie, 77 Iowa, 168, 41 N. W. 606; Birdsall v. Grant, 37 App. Div. 348, 57 N. Y. Supp. 705.

[2] And even if the letter of October 9, 1910, had not the effect to release the defendant herein from the necessity of making further payments to the plaintiff, the latter would still have no cause of action against the defendant. The right of a third party for whose benefit a

contract is made is regulated by section 4970 of the Revised Codes as follows:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

The statute came before the Supreme Court of Montana for construction in McDonald v. American Nat. Bank, 25 Mont. 456, 65 Pac. 896, where the court said:

"To come within the meaning and scope of the section, the (executory) contract made expressly for the benefit of a third person must be one whereby the promisor undertakes to pay or discharge some debt or duty which the promisee owes to the third person; in other words, the third person must sustain such a relation to the contracting parties that a consideration may be deemed to have passed from him to the promisee which raises the implication of a promise from the promisor directly to himself. There must be a consideration passing from the third person by virtue of which he may assert the existence of a promise in his favor."

That construction of the statute was followed in Tatem v. Eglanol Mining Co., 45 Mont. 367, 123 Pac. 28. It may be conceded that the rule so established in Montana as to the rights of third persons for whose benefit contracts have been made is opposed to the weight of modern authority. 6 R. C. L. 884; 13 C. J. 705. But it rests upon the construction of a state statute, and it is binding upon this court. In the case at bar, Mrs. Smith is the sister of the plaintiff, but that relation does not raise the implication that she owed a duty to the plaintiff which the defendant agreed to discharge, nor does it make the defendant's undertaking a promise to pay or discharge a debt which Mrs. Smith owed to the plaintiff. Nor was there any consideration passing from the plaintiff by virtue of which she may assert the existence of a promise in her favor.

The judgment is affirmed.

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes