In the Matter of the Estate of HENRY W. DONALD, Deceased.

Surrogate's Court, Suffolk County, October 9, 1933.

George W. Hildreth, for the petitioner.

Robbins, Fowler, Wells & Walser, for the executor.

PELLETREAU, S. The court is asked to construe the tenth paragraph of the will of Henry W. Donald, which paragraph reads as follows:

" Tenth. All the rest, residue and remainder of my property, both real, personal and mixed, of which I shall die seized or possessed, or to which I may be entitled at the time of my decease, I give and devise as follows: One-fourth thereof to Mecca Temple A. A. O. N. M. S. of New York, N. Y.; the remaining three-fourths in equal quarterly shares to Riverside Chapter, No. 399, Order of the Eastern Star; Suffolk Chapter, Daughters of American Revolution; Riverhead Lodge No. 645, F. & A. M.; said three-fourths to be used jointly by the said Riverside Chapter, No. 399, Order of the Eastern Star, Suffolk Chapter, Daughters of American Revolution, and Riverhead Lodge No. 645, F. & A. M., for the purpose of erecting and building a joint meeting hall and office building for the said organizations in the Village of Riverhead, Suffolk County, N. Y."

It is not necessary to go to great length in the construction of this paragraph. The residue of the estate, which is a large one, is only involved, and the gifts therein were for a specific purpose. There is no gift over. The testator had the right to subject his gift to conditions. The conditions here imposed, however, are subsequent and not precedent. Had the conditions been precedent there could be no gift until the conditions had been fulfilled. That situation does not exist here.

In my opinion, the conditions here imposed are inoperative and of no effect, in the absence of a gift over.

The gifts provided in this paragraph became vested rights upon the death of the testator, and were absolute bequests.

Decree accordingly.