In the Matter of the Estate of Joseph C. Kempf, Deceased.

Surrogate's Court, Oneida County, April 29, 1936.

*Arthur J. Foley,* for the petitioner, Charles W. Kempf.

*Leo & Henry Coupe,* for the executors.

EVANS, S.   This is a proceeding by Charles W. Kempf to compel the payment of a legacy.  Payment is resisted for the alleged reason that the conditions attached to its payment have not been complied with.

The third paragraph of the will of the above-named testator reads as follows: " I give, devise and bequeath unto my beloved grandchildren, Mary R. Kempf and Charles W. Kempf, the children of my beloved son, Charles S. Kempf, now deceased, the sum of five thousand ($5,000.00) Dollars each to be paid to them when they arrive at 21 years of age respectively, but this legacy is made upon the condition that said children shall be brought up and educated in the faith of and according to the Roman Catholic Religion, otherwise this paragraph of this my Last Will and Testament shall cease and be void and of no effect."

A later portion of the will also reads as follows: " And the moneys so given to my beloved grandchildren, the children of my deceased son, Charles S. Kempf, to hold and invest the same and to collect the interest, income and profits thereof, and to use the same at their discretion for their support, maintenance and education, if necessary.  Upon condition, however, that the conditions hereinbefore provided with reference to their religious training shall be faithfully observed and performed."

The legacy payable to Mary R. Kempf was paid some years ago, and is not a part of this proceeding. Charles S. Kempf, the father of the children mentioned, died when the petitioner was about five years of age, and his sister, Mary R., was then about thirteen years of age. At the time of the death of the testator, the petitioner was a boy about nine years of age. The testator was a devout Roman Catholic and the evidence supports the inference that, after the death of his son, the testator entertained a thought of the possibility that these two grandchildren might not be brought up in that faith. The condition attached to this legacy appears on its face to be vague and indefinite. There is no person or persons mentioned who would be clothed with the duty of rearing this petitioner in the Roman Catholic faith, but this trial has been mainly directed to the omission or actual disregard of this provision by the mother of the petitioner. She was originally a Protestant, but on her marriage to Mr. Kempf she embraced the Catholic religion and was a devotee of that faith until after the death of her husband.

There is no question raised by any one as to the fact that the petitioner was instructed and reared in the Catholic faith until some time after the death of his father. It appears that sometime after this event the mother substantially renounced the Roman Catholic faith and was identified with the Christian Science church.

The petitioner, when a boy about twelve years of age, for some period of time accompanied his mother to that church and attended the Sunday school. During a period of approximately three or four years, about this time, the petitioner lived with his grandmother, who was a member of the Christian Science church. He later attended St. John's School at Manlius where he attended the Roman Catholic church, but his attendance was not regular. Later as a student at Dartmouth College, he attended the Roman Catholic church at odd times. He has not at any time renounced the Roman Catholic faith, but taking the evidence as a whole, I think it must be held that he did not receive the education and training of the Roman Catholic faith that was contemplated by the testator. I think that the facts leading to this conclusion have been fairly established by the executors by a fair preponderance of evidence. The right of this petitioner to his legacy, I think, however, must be determined as a matter of law and not of fact.

It is contended on the part of the infant legatee (now an adult) that the condition imposed upon his legacy is unconstitutional as restraining the freedom of religion and against public. policy. (*Drace* v. *Klinedinst,* 275 Penn. St. 266; 118 A. 907.)

Cases in other jurisdictions have held to the contrary and there is a lack of harmony in the courts of the States where this question has been passed upon. This particular phase of the matter seems not to have been passed upon directly by the courts of this State. It is my opinion that such a provision when applied to an adult is not a denial of his religious freedom. I can see no reason why such a provision is against public policy. The right to promote the cause of any religion is one that seems to have been recognized by the courts. An adult legatee has the right to reject the legacy and the terms imposed and thus preserve his religious freedom.

This is a condition subsequent within the definition of that term. The legacy was vested. As a general rule a condition subsequent is created where a condition is annexed to a present gift requiring continuous action. (*Matter of Baechler,* 121 Misc. 691.)

Provisions that a devisee shall maintain or educate certain persons as a condition of the devise do not create conditions precedent to receive the devise. Such provision creates a condition subsequent. (*Matter of Tisdale,* 110 App. Div. 857.)

It is fundamental that infants are wards of the court and unusual safeguards are exerted to protect their legal rights. A provision in a will as applied to adults may be legal and enforcible that fails of such purpose when applied to infants. In the case at bar there is no gift over which is necessary to give force and effect to a conditional legacy and in its absence such condition is merely *in terrorem*. (*Hogan* v. *Curtin,* 88 N. Y. 162; *Matter of Donald,* 149 Misc. 142; *Matter of McArdle,* 147 id. 876; *Matter of Kozlay,* 104 id. 120; *Matter of Fox,* 114 id. 368; *Matter of Arrowsmith,* 162 App. Div. 623; affd., 213 N. Y. 704; *Matter of Wall,* 76 Misc. 106; *Matter of Marshall,* 119 id. 407.)

As I view it the condition attached to this legacy is one in which the legatee has no volition or right, owing to his infancy, to reject or comply with its conditions. He is placed at the whim, negligence or caprice of a person or persons who might by chance have the sole control over his religious training. Under the circumstances it amounts to a denial of property rights. If any constitutional question is involved it is that he is denied property rights without due process of law. He is not accorded the legal rights that an adult would have and is thus denied the equal protection of the law guaranteed by the Constitution. Courts recognize this principle in cases of adoption of infants by preserving the right of an adopted infant to inherit from his natural parents. Such a condition as applied to an infant might open the door to collusion and fraud.

The courts of this State have refused to enforce conditions against infants where there is a clause in the will providing for a forfeiture of legacy in the case of a contest of the will. (*Bryant v. Thompson*, 59 Hun, 545; appeal dismissed, 128 N. Y. 426.)

It is there held that an infant merely submits his rights to the court and an attempt to subvert the course of judicial proceedings would deprive the court of the right and duty imposed upon it by law in all cases to institute on its motion proper proceedings for the protection of infants and that as to such infants such a condition is void as against public policy.

A bequest to a person accompanied by a condition that, if several named persons should present claims against the estate, the legacy would be invalid, is against public policy and void, since the life beneficiary is subjected to conditions over which she has no control and is placed in a position where she is at the mercy of others who would benefit by the defeat of her interest. (*Matter of Andrews*, 151 Misc. 361.)

Religious conditions will be effective as to adults. (*MaGee v. O' Neill*, 19 S. C. 170; *Davis v. Davis*, 86 App. Div. 401.)

As to infants the imposition of a particular faith by one other than a parent has been held invalid as an interference with parental control. (*Matter of Borwick*, L. R. [1916] 2 Ch. Div. 304.)

I hold and decide that the petitioner is entitled to the payment of his legacy, with interest and costs.

Decreed accordingly.