HERMAN STEINBACHER, Individually and as Committee of WILLIAM STEINBACHER, an Incompetent Person, and EDWARD STEINBACHER, Plaintiffs, *v.* ANNA LESS and Others, Defendants.

Supreme Court, Erie County, May 31, 1938.

*Berkery & Ganin*, for the plaintiffs.

*Joseph H. Reingold*, for the defendants.

MALONEY, J. Plaintiffs bring an action against defendants, pursuant to sections 500 to 512 of the Real Property Law, seeking

to quiet the title of certain real property located on Grant street in the city of Buffalo, N. Y., formerly owned by Frederick Less, deceased, who by a last will and testament devised the same as follows:

"*Second.* All the rest, residue and remainder of my estate I hereby give, devise and bequeath to my brother, Edward Steinbacher, upon condition that he maintain, support and honor my mother, Mary Steinbacher, for and during her natural life. Should he however fail to so maintain, support and board my said mother, then in that event I hereby give, devise and bequeath said rest, residue and remainder to my said mother, her heirs absolutely and forever."

Frederick Less, deceased, left him surviving a mother, Mary Steinbacher, and a brother, Edward Steinbacher. The will was duly probated. Following the death of Frederick Less, Mary Steinbacher, his mother, lived with and was supported and maintained by her son, Edward Steinbacher, for a number of years, up to the time of the latter's death. During such period last aforesaid there was a hiatus of two years during which the mother, Mary Steinbacher, lived with and was supported by her daughter, Olga Nowak. At no time did the mother make claim or complain of the failure of the son to properly maintain and support her. Neither did she make any demand upon the son to do so. The evidence overwhelmingly indicates that the son Edward during his life fully performed the condition contained in the last will and testament of his deceased brother, Frederick Less, relative to the support and maintenance of the mother.

Upon the death of Edward Steinbacher the mother continued to live the same as theretofore in the house in question with her grandson, the son of Edward, one of the plaintiffs herein. During the remainder of her lifetime the said grandson supported and maintained his grandmother, she receiving and disbursing all the money earned by the grandson and disbursing the same as she saw fit for their care and maintenance.

The defendants herein by answer affirmatively allege failure and neglect upon the part of the deceased son Edward to comply with the terms and conditions of the devise aforesaid. There was no evidence presented by the defendants on this trial that remotely tends to prove such a failure as alleged by defendants.

The devise to Edward Steinbacher was subject to a condition subsequent.

"Express conditions may be either precedent or subsequent. Precedents are such as must happen or be performed before the estate can vest or be enlarged; subsequent are those by the failure

or nonperformance of which an estate already vested may be defeated." (10 R. C. L. 664.)

The wording is clear on this point. The second sentence of the second paragraph states definitely: "Should he however fail to so maintain, support and board my said mother, then in that event I hereby give, devise and bequeath said rest, residue and remainder to my said mother, her heirs absolutely and forever."

*Nocoll* v. *New York & Erie R. R. Co.* (12 N. Y. 121, at p. 130) defines a condition subsequent: "If the act [on which the estate depends] does not necessarily precede the vesting of the estate, but may accompany or follow it, if this is to be collected from the whole instrument, the condition is subsequent."

*Matter of Kempf* (159 Misc. 298, at p. 301): "As a general rule a condition subsequent is created where a condition is annexed to a present gift requiring continuous action."

A condition subsequent arises when it is found from the nature of the act to be performed and the time required for its performance that the estate is intended to vest, the grantee to perform after taking possession. (*New Edgewood Lake Corp.* v. *Kingston Trust Co.*, 246 App. Div. 163, at p. 167.)

In the case at bar, from the character of the condition, it could not have been a condition precedent. The grant is not made to take effect upon the happening of a certain event, but *in præsenti*, and liable to be divested by the grantee's failure to perform the condition.

Title to the real property under the language of such devise immediately vested upon the death of the devisor. A condition subsequent is construed strictly against divesting the estate. (*Rose* v. *Hawley*, 133 N. Y. 315.) Title never vested in the mother. On her death she was seized of no interest, devisable or otherwise, in the real property in question nor did it form any part of her estate. The condition subsequent inured solely for the benefit of the mother. The devise to her son contained a forfeiture clause. The mother alone might waive such forfeiture in the event of a breach or she alone might take advantage of the breach thereof. (*Birdsall* v. *Grant*, 37 App. Div. 348.) In my opinion, the plaintiffs' interest in the property in question as the sole surviving heirs of Edward Steinbacher who died intestate is that of owners thereof in fee simple absolute, and their respective interests are not subject to any lien, incumbrance or condition growing out of or incidental to the devise to Edward Steinbacher of the property in question as made in the last will and testament of Frederick Less, deceased.

Let judgment be entered accordingly, without costs.