In the Matter of the CITY OF NEW YORK, Appellant, against WILLIAM G. FULLEN et al., Constituting the TRANSIT COMMISSION, et al., Respondents.

Argued November 17, 1937; decided December 7, 1937.

Paul Windels, Corporation Counsel (Robert W. Lishman and William G. Mulligan, Jr., of counsel), for appellant.

Edward M. Deegan, George H. Stover and Wallace A. Kroyer for Transit Commission, respondent.

John Holley Clark, Jr., for Bee Line, Inc., intervener, respondent.

Order affirmed, without costs; no opinion.

Concur: CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ.; FINCH, J., dissents in the following opinion:

FINCH, J. (dissenting). I am unable to concur. The effect of this decision is to give the Transit Commission in the city of New York the power to annex conditions to certificates of convenience and necessity for the use of city streets without the consent of the city, thus amounting in effect to a franchise, a grant of power against which the cities of the State have long and up to now successfully contended.

The precise question this appeal presents is, whether under the Public Service Law the Transit Commission has been given the power, express or implied, to attach conditions to the issuance of a certificate of convenience and necessity where for ninety days the authorities of the city have failed to grant or refuse consent.

Nowhere in the statute is the Commission expressly given the power to attach conditions in granting a certificate to use the streets of a city. The section cited as authority by the court below, section 63-d, subdivision 4, of the Public Service Law (Cons. Laws, ch. 48), reads: " The commission * * * may *revoke or suspend* a certificate of public convenience and necessity *theretofore* issued for noncompliance with any condition prescribed

\* \* \* or for violation of any provision of law \* \* \*." (Italics added.)

Certainly this section does not *expressly* grant to the Commission the power to issue a certificate of convenience and necessity and attach conditions thereto.

Nor is the power to annex conditions granted by implication. Subdivisions 1, 3 and 4 of section 63-e which expressly allow the attaching of conditions, also expressly limit their applicability to towns and villages. Subdivision 2 alone refers to " cities " and this subdivision, as distinguished from the others, merely gives the power to issue a certificate and does not refer to the attaching of conditions. The power to issue such a certificate does not imply the power to attach conditions. This question is not novel. In *People ex rel. P. S. I. Transportation Co.* v. *Public Service Commission* (262 N. Y. 39) this court held that the power to issue a certificate did not imply the power to issue a certificate and attach conditions thereto. The court said (p. 43): " This body possesses no implied power. \* \* \* Its jurisdiction in relation to such a certificate was apparently then confined to granting or refusing an application. \* \* \* The statute did not recognize a limited or qualified certificate. After issue the Commission was *functus officio* in respect to the certificates \* \* \* but it could exert its power to compel adequate service by the common carrier in the manner provided by law." Unless, therefore, the amendment to the Public Service Law in 1931 (Laws of 1931, ch. 531) created an implication where none previously existed, the power to issue the certificate does not imply the power to attach conditions thereto. But the circumstances under which this statute was passed and its phrasing lead to precisely the opposite conclusion.

In 1931 when the Committee on the Revision of the Public Service Law presented its bill to the Legislature, the proposed provisions allowed the Commission to attach conditions to the granting of certificates where *cities* as well as towns and villages were concerned. Thus section 63-e, subdivision 1, of this proposed act read:

" The Commission shall have power to issue a certificate of public convenience and necessity to any omnibus corporation * * * without the consent of *local authorities,* if such consent is unreasonably refused or *withheld,* or if unjust or unreasonable conditions are attached to the granting of any such local consent, and may modify any such conditions, or attach new conditions as it shall determine to be just and reasonable." (Italics added.) But before the proposed act became a law there was struck out of every section that pertained to the attaching of conditions, the words " local authorities " and inserted instead " local authorities of such towns and villages." Thus the Legislature showed unmistakeably its intent that the cities of the State should retain the undisputed control of their streets.

We have, therefore, a decision of this court holding that the power to issue a certificate of convenience and necessity does not by itself imply the power to attach conditions. We have in addition legislative acts which indicate the intent not to grant such power to the Commission where cities are concerned. We should not hold now that the power is impliedly given.

The respondents argue that if we deny the Commission the power to attach conditions where the city refuses to act, the city may, if it so desires, indefinitely keep the bus company from the city's streets. It is a complete answer to this contention that it is conceded that the city can, if it so desires, reach the same result by refusing its consent. The respondents also urge that when in *People ex rel. P. S. I. Transportation Co.* v. *Public Service Commission* (262 N. Y. 39, 44) this court said: " Prior to the enactment of chapter 531 of the Laws of 1931 * * * it possessed no authority to attach such conditions as appear," that we, therefore, held that the Commission has had this power since 1931. It is obvious that all we passed on in that case was the power of the Commission to attach conditions prior to the passage of the 1931 statute and as heretofore noted no express or implied

578

power, so far as affects cities, was given to the Transit Commission by this law.

In the case at bar the Transit Commission instead of granting a temporary certificate, has imposed as one condition what amounts to a franchise for nine years Comfort may not be taken from the fact that the remaining conditions benefit the city. The proper authorities to determine the extent of the benefits which should flow to the city are none other than the duly elected authorities who should be deprived of this valuable right only by clear legislative mandate.

Order affirmed.