JOHN HOLLEY CLARK, JR., Plaintiff, *v.* THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, Queens County, May 8, 1941.

*John Holley Clark, Jr., in pro per.*

*William C. Chanler, Corporation Counsel,* for the City of New York.

HALLINAN, J. The plaintiff, as a taxpayer, brought this action against the city of New York, its mayor and police commissioner to restrain them from " stopping, interfering with, or otherwise interrupting the service rendered by the buses of Bee Line, Inc., between the intersection of Hempstead Turnpike and the City Line on the east and Jamaica on the west and from arresting any of the operators of such buses on the alleged ground that such operation is illegal." He now moves for a temporary injunction, and the defendants, by cross-motion, attack the sufficiency of the complaint as a matter of law. (Rules Civ. Prac. rule 106 subd. 5.)

According to the complaint, Bee Line, Inc., has, since on or about August 15, 1935, operated the portion of the route within the city of New York under a certificate of public convenience and necessity issued by the Transit Commission of the State of New York. The said certificate by its terms provides that " the rights hereby granted terminate on April 20, 1941 unless sooner revoked by the Commission." It is also alleged that the underlying franchise issued to Bee Line, Inc., by the town of Hempstead expired on April 20, 1941, but before its expiration was renewed by said town and now expires in 1944. It is further alleged that the defendants threatened to stop the buses of Bee Line, Inc., from operating on the route at the city line at six A. M. on May 3, 1941, and unless restrained will stop said operation either by seizing the buses or by arresting the operators thereof; that the bus line is of great convenience to many people not only in the city of New York but in the county of Nassau; that the bus company had paid the city all the amounts due and owing under the certificate; that the threatened interference of the authorities with the operation of the buses would result in great and irreparable loss to the city's taxpayers and would be improper and illegal.

The illegality upon which plaintiff's complaint is predicated is the claim that the time limitation provided in said certificate was an " illegal condition beyond the power of the Transit Commission * * * and * * * that such certificate is in full force and effect." It is evident that the sole authority under which the bus company operated within the borders of the city of New York was by virtue of the Transit Commission's certificate and if the condition in said certificate fixing April 20, 1941, as the expiration date thereof is valid, it means that the bus company's operation of buses within the borders of the city beyond the expiration period is an illegal operation.

It seems to the court that the validity of this condition is no longer open to question in view of the decision of the Court of Appeals in *Matter of City of New York* v. *Fullen* (276 N. Y. 574), wherein the certificate in question was held to be valid. The order of the Appellate Division (250 App. Div. 837) was affirmed without opinion, Judge FINCH dissenting with opinion. While conceding that Judge FINCH's dissent indicates that the court passed upon the question whether the Transit Commission had the right to issue a conditional certificate, and the case is usually cited for that proposition, the plaintiff, however, argues that from the records and briefs, it is his opinion that this question was really not involved. This court is unable to concur in this view. In the second paragraph of his opinion, Judge FINCH stated: " The precise question this appeal presents is, whether under the Public Service Law the Transit Commission has been given the power, express or implied, to attach conditions to the issuance of a certificate of convenience and necessity * * *."

It seems clear that the limitation of time is a condition and was valididly imposed by the Transit Commission in issuing the certificate in question; otherwise, a bus company might in effect be given a franchise to operate on the streets of the city of New York perpetually, when a franchise itself is limited by section 364 of the New York City Charter to a period of not more than twenty-five years.

As to the contention that the suspension of the route involved herein will cause great inconvenience to a vast number of people, there can be little question that such is the fact. But the bus company is now without lawful authority either from the city of New York or from the Transit Commission to operate its buses within the city of New York, and under these circumstances the defendants cannot be restrained from interfering with the illegal operation of the bus company. As said by the Appellate Division of this Department in *Bee Line, Inc.*, v. *LaGuardia* (244 App. Div.

151, 156): " To restrain the city defendants from removing Bee Line, Inc., is to place the stamp of judicial approval upon *illegality* and to bring about pre-emption of property rights of value to those not entitled thereto. *It is for the city defendants* and those other city officials charged therewith, and *not for the courts, to determine the path in which public interest lies.* The injunction to this extent will be denied." (Italics supplied.)

Accordingly, the motion for a temporary injunction is denied and the complaint dismissed as a matter of law, without costs. In order that the public may not be left without service essential to its needs until this decision has been reviewed by the Appellate Division, the stay contained in the order to show cause herein will be continued until a determination by the said appellate court, provided, however, that the appeal is promptly prosecuted and argued at the next available term of court.

Submit order.